896 F.Supp. 1204 (1995)
NATIONAL RAILROAD PASSENGER CORPORATION, et al., Plaintiffs,
v.
ROUNTREE TRANSPORT AND RIGGING, INC., et al., Defendants.
Nos. 93-1090-CIV-ORL-18, 92-252-CIV-ORL-18 and 95-361-CIV-ORL-18.
United States District Court, M.D. Florida, Orlando Division.
August 24, 1995.
*1205 Ronald M. Owen, Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, FL, for J.E. and Linda Bedgood; Michael W. Thomas; Ernest Bratt.
A.J. Melkus, Daniel J. Fleming, Melkus & Fleming, Tampa, FL, for National Railroad Passenger Corporation and CSX Transportation, Inc.
Sutton G. Hilyard, Jr., Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A., Orlando, FL, for Rountree Transport and Rigging, Inc. and Roy Benton Crane (and Reliance Insurance Co.).
Edmund T. Woolfolk, Woolfolk, Estes, Keough & DuBose, P.A., Orlando, FL, for Florida Highway Patrol.

ORDER
G. KENDALL SHARP, District Judge.
The court has chosen sua sponte to reconsider its endorsed order of May 8, 1995, denying Defendant Department of Highway Safety and Motor Vehicles' (DHSMV's) motion to dismiss the complaint (Doc. 208). Also, this case is before the court on DHSMV's motion to dismiss the complaint in two companion cases, 95-252-CIV-ORL-18 (Doc. 27), and 95-361-CIV-ORL-18 (Doc. 37). DHSMV asserts that this court lacks subject matter jurisdiction because DHSMV cannot be sued in federal court under the Eleventh Amendment, and that DHSMV has not consented to be sued in this court. Plaintiffs claim that all of the subdivisions of the State of Florida have consented to be sued through the actions of two state subdivisions who have consented to suit. The court concludes that DHSMV has not expressly consented to suit or otherwise waived its Eleventh Amendment immunity, and that DHSMV's motions should be granted.

*1206 I. Facts
This case originates from a train accident in Intercession City, Florida, on November 30, 1993. Many of the plaintiffs were passengers on that train and were injured. This case has consolidated many of the complaints filed alleging injuries from the accident and naming DHSMV, among others, as a defendant. Some plaintiffs originally filed their complaints in state court, but these complaints have been removed to this court and consolidated with this case. Plaintiffs allege that DHSMV undertook to provide certain traffic control services to the operators of the transport vehicle involved in the collision, and that DHSMV violated their duty of reasonable care to prevent foreseeable injuries to third persons.
Two other state agencies, the Florida Municipal Power Agency (FMPA) and the Kissimmee Utility Authority (KUA), are defendants in this action. Both FMPA and KUA have filed cross claims and third-party complaints in this court. DHSMV has filed no complaints or cross claims in this action.

II. Legal Discussion
On motions to dismiss, defendants must demonstrate that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); accord Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990). The issue before the court in this motion, DHSMV's immunity under the Eleventh Amendment, is solely a matter of law and the relevant facts are undisputed. Generally under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (quoting Employees v. Missouri Dep't of Public Health and Welfare, 411 U.S. 279, 280, 93 S.Ct. 1614, 1616, 36 L.Ed.2d 251 (1973)). As a state agency, DHSMV receives the same Eleventh Amendment protection from suit in a federal court as the state itself. Schopler v. Bliss, 903 F.2d 1373, 1378 (11th Cir.1990). States may consent to suit or otherwise waive their immunity under the Eleventh Amendment, but only under certain narrow circumstances. Pennhurst, 465 U.S. at 100-03, 104 S.Ct. at 908-09; Seminole Tribe of Florida v. State of Florida, 11 F.3d 1016, 1021 (11th Cir.1994), cert. granted, ___ U.S. ___, 115 S.Ct. 932, 130 L.Ed.2d 878 (1995).
The Eleventh Circuit has recognized three exceptions to Eleventh Amendment immunity: "consent, abrogation, or the fiction of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)." Seminole Tribe, 11 F.3d at 1021. One prong of the consent exception, express consent, is the sole issue that concerns the court in this case. Waivers of Eleventh Amendment immunity by express consent must be clearly and unequivocally authorized by the state, and "usually take[] the form of legislative enactment." Id. "[A] state will be deemed to have waived its immunity `only where stated "by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction."'" Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 239-40, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985) (quoting Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974)). For example, statutory waivers of sovereign immunity, such as Fla.Stat. ch. 768.28 (1993), are not sufficient to waive Eleventh Amendment immunity. See Florida Dep't of Health v. Florida Nursing Home Ass'n, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981).
When a state government files a claim in federal court, it is deemed to have waived its Eleventh Amendment immunity as to that claim. Hoffman v. Connecticut Dep't of Income Maintenance, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989). Some courts have held that states may also constructively waive their immunity as to a particular action by filing and prosecuting counterclaims when they are defendants in a suit. See, e.g., WJM, Inc. v. Massachusetts Dep't of Public Welfare, 840 F.2d 996 (1st Cir. 1988); Actmedia, Inc. v. Stroh, 830 F.2d 957 (9th Cir.1986). In these situations, state defendants still must announce their waiver of *1207 Eleventh Amendment immunity unequivocally. See, e.g., Actmedia, 830 F.2d at 963.
Thomas asserts that Florida has consented to suit in federal court in this case. FMPA and KUA, the two other defendants in the case who are state agencies, have affirmatively availed themselves of the federal forum by filing cross claims, third-party complaints and affirmative defenses. Plaintiffs argue that because these two state agencies have consented to the suit, all of Florida's agencies have constructively waived their immunity under the Eleventh Amendment.
This argument, however, lacks merit. Eleventh Amendment principles provide very stringent requirements for a state's waiver of its immunity, and courts presume that states have not waived their immunity. A state's constructive waiver of Eleventh Amendment immunity during the course of one trial does not bind the state to federal jurisdiction in any other suit. Similarly, the fact that two state agencies in this case have waived their immunity with regard to the claims against them does not require the DHSMV to consent to suit for the claims against it. Each state agency is a separate defendant in this action, and each may choose whether to remove the cloak of Eleventh Amendment immunity. DHSMV itself has never consented to this court's jurisdiction in this case, and the court finds nothing in its actions that could conceivably constitute a waiver of that immunity.

III. Conclusion
The court's jurisdiction over DHSMV in this case is governed by the Eleventh Amendment, which generally denies federal courts jurisdiction over suits against state agencies. Though the state may waive its Eleventh Amendment immunity to suit under some circumstances, the court concludes that DHSMV has not waived its immunity from suit in this case. Therefore, the court GRANTS DHSMV's motion and dismisses it from this litigation under case numbers 93-1090-CIV-ORL-18 (Doc. 208), 95-252-CIV-ORL-18 (Doc. 27), and 95-361-CIV-ORL-18 (Doc. 37).
It is SO ORDERED.