[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11854
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:07-cv-00363-RH-WCS

MYRA C. SOLLIDAY,

                                                            Plaintiff-Appellant,

versus

FEDERAL OFFICERS, et al.,

                                                            Defendants,

E. LAVON SPENCE,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 9, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Myra Solliday, a federal prisoner proceeding *pro se*, appeals the district court's order granting summary judgment to four defendants on her civil rights action pursued under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), in which she challenged her placement in administrative detention out of the general population, transfer between federal prisons, and overall treatment during an ongoing investigation into the sexual abuse of inmates by correctional officers. This appeal concerns the following defendants: Harley Lappin, the Director of the Bureau of Prisons ("BOP"); Mildred Rivera, former Warden of the Federal Correction Institution at Tallahassee, Florida ("FCI Tallahassee"); Ron Horton, former Captain at FCI Tallahassee; and Special Investigative Agent ("SIA") George Williams, (collectively, "Defendants").

We review *de novo* the district court's grant of a motion for summary judgment, viewing all evidence and reasonable factual inferences in the light most favorable to the nonmoving party. *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 911 (11th Cir. 2007) (citing Fed.R.Civ.P. 56(c)). We review *de novo* a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement. *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005). Although *pro se* briefs are to be liberally construed, issues not briefed on appeal are deemed

2

abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Additionally, a passing reference to an issue in a brief is insufficient to properly raise it, and the issue is, therefore, abandoned. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). Moreover, we may affirm a judgment on any ground supporting the result. *See, e.g.*, *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1433 n.9 (11th Cir. 1998).

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996); Fed.R.Civ.P. 56(e). "Inferences based upon speculation are not reasonable," and may not defeat a motion for summary judgment. *Marshall v. City of Cape Coral, Fla.*, 797 F.2d 1555, 1559 (11th Cir. 1986). Conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990).

3

As a procedural matter, even giving Solliday's *pro se* brief liberal construction,[1] many of her claims have not been preserved for review. First, Solliday abandoned any deliberate indifference claim because she gives no more than a passing reference to it in her brief.[2] Second, Solliday does not expressly challenge the court's findings that she did not exhaust any claim against Special Agent Williams individually. As a result, she has abandoned any claim against Williams, and, although the district court should have dismissed the suit as to Williams, rather than grant summary judgment in his favor, we nevertheless affirm the judgment.[3] Third, Solliday did not challenge the court's finding that it did not have personal jurisdiction over BOP Director Lappin, and we affirm the grant of summary judgment in Lappin's favor, as she abandoned any claim in this respect.

Solliday disputes the district court's finding that she failed to exhaust her administrative remedies with respect to her claim concerning excessive detention

---

[1] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] We note that, even if Solliday preserved a deliberate indifference claim, it lacks any merit because the evidence shows that Defendants provided her with reasonable medical care.

[3] "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (citations and internal quotations omitted).

in administrative segregation in a special housing unit ("SHU").  Pursuant to § 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  A civil action with respect to "prison conditions" means "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison."  18 U.S.C. § 3626(g)(2); *Higginbottom v. Carter*, 223 F.3d 1259, 1260 (11th Cir. 2000).  Moreover, exhaustion means proper exhaustion, i.e., under the terms of and according to the time set by BOP regulations.  *See Woodford v. Ngo*, 548 U.S. 81, 93-94, 126 S. Ct. 2378, 2387-88 (2006).  Once the threshold exhaustion requirement is met, a court may proceed to address the merits of the alleged constitutional violation.  *See Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).

We have explained that "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement . . . . [E]xhaustion is now a *pre-condition* to suit . . ." even if the remedies are futile or inadequate.  *Id.* at 1326.  *Alexander*, 159 F.3d at1325-26 (emphasis added); *see also Leal v. Georgia Department of Corrections*, 254 F.3d 1276, 1279

(11th Cir. 2001) (collecting cases). We have has also concluded that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).

Based on the evidence submitted, it is clear that Solliday did not exhaust her claim regarding excessive detention in SHU. As a result, we affirm the judgment as to Captain Horton, whose only involvement with Solliday was through her stay in SHU.

Solliday also generally argues that the court erred in granting summary judgment in favor of Defendants. The Supreme Court has held that federal officials may be sued in their individual capacities for violations of an individual's constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S. Ct. 1999, 2005 (1971). While a plaintiff may bring a *Bivens* action against a federal officer in his individual capacity, a plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71, 122 S. Ct. 515, 521-22 (2001) (holding that *Bivens* is "solely concerned with deterring the unconstitutional acts of individual officers"); *F.D.I.C. v. Meyer*, 510 U.S. 471,

486, 114 S. Ct. 996, 1005-06 (1994) (declining to permit a damages remedy under *Bivens* against federal agencies).

As a procedural matter, we have incorporated 42 U. S.C. § 1983 law into analogous *Bivens* actions. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). "To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998).

"It is well established in this circuit that supervisory officials are not liable under [*Bivens*] for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (internal quotation marks omitted). The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is "extremely rigorous." *Braddy v. Florida Dep't of Labor & Emp't Sec.*, 133 F.3d 797, 802 (11th Cir. 1998). Supervisors "can be held liable under [*Bivens*] when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiffs, and his conduct was causally related to the constitutional violation committed by his

subordinate." *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir.1990) (citations and footnote omitted).

In order to sustain a *Bivens* action, the plaintiff first must demonstrate that her constitutional rights have been violated. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). The Eighth Amendment can give rise to claims challenging specific conditions of confinement. *See Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008) (involving complaint filed under § 1983), *overruled in part on other grounds*, *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). However, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected [are] within the sentence imposed . . . and . . . not otherwise violative of the Constitution, the Due Process Clause does not . . . subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S. Ct. 2543, 2547 (1976). This is because the Due Process Clause, standing alone, confers no liberty interest in freedom from state action taken "'within the sentence imposed.'" *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S. Ct. 864, 869 (1983).

Under certain circumstances, the federal government may create liberty interests which are protected by the Due Process Clause, but these interests will be generally limited to freedom from restraints which, while not exceeding the

8

sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995); *Kirby v. Siegelman*, 195 F.3d 1285, 1290-1291 (11th Cir. 1999). Nevertheless, an inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before. *McKune v. Lile*, 536 U.S. 24, 39, 122 S. Ct. 2017, 2027 (2002) (rejecting a challenge by inmate to expected demotion in custodial status classification). Other examples of prison decisions not giving rise to liberty interests include transfers to other prisons and visitation. *See Olim v. Wakinekona*, 461 U.S. 238, 103 S. Ct. 1741, 75 (1983) (interstate transfers); *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 109 S. Ct. 1904 (1989) (visitation).

The district court did not err in granting summary judgment to Warden Rivera on Solliday's claims concerning conditions of confinement, transfer, or abuse of discretion or mistreatment. First, Solliday had no liberty interest in the conditions of her confinement or in remaining at a particular institution, and, therefore, her claims do not amount to a constitutional violation. Second,

9

Solliday's claims of mistreatment or abuse of discretion are not independent constitutional violations, and, as a result, she cannot pursue a *Bivens* action as to these claims. Even if she did, the evidence shows that Rivera did not abuse her discretion or that Solliday was not mistreated in any way. Accordingly, we affirm.

**AFFIRMED.**