[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13653
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-01917-LSC


NELL C. DYSART,

Plaintiff - Appellant,

versus

BANKTRUST,
f.k.a. The Peoples Bank and Trust of Selma
W. BIBB LAMAR, JR.,
EDWARD T. LIVINGSTON,
ELAM P. HOLLEY, JR.,
MAC MARTIN,
RYAN K. COCHRAN, et al.,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 16, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Nell Dysart, proceeding pro se, appeals the district court's dismissal of her complaint against BankTrust and certain named individuals alleging violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962, fraud, breach of contract, trespass, and intentional infliction of emotional distress. Dysart's allegations stem from BankTrust's foreclosure on her home after she defaulted on her mortgage.

## I.

The operative facts are as follows[1]: in August 2002, Dysart purchased a home in Vestavia Hills, Alabama, with a mortgage from defendant BankTrust. In April 2004, Dysart filed for Chapter 7 bankruptcy relief, but continued to pay her mortgage outside the bankruptcy schedule. Later that year, after her Chapter 7 proceedings were discharged, Dysart filed for Chapter 13 bankruptcy relief. Chapter 13 relief was conditioned on "Dysart . . . refinanc[ing] her home in order to completely pay all [her] debts." Her BankTrust mortgage was included among the debts she would pay off. Dysart failed to refinance, however, and, eventually, BankTrust was authorized to foreclose its mortgage against Dysart's home. In

---

[1] The Magistrate Judge's Report and Recommendation, Doc. 63, provides a complete version of the facts underlying this case.

2

October 2007, BankTrust held a foreclosure sale on the residence, which it advertised in the Alabama Messenger.

Proceeding pro se, Dysart sued BankTrust and various named individuals employed by or affiliated with BankTrust (the Defendants) alleging: (1) a substantive violation of the RICO Act, 18 U.S.C. § 1962(c); (2) conspiracy to violate the RICO Act, id. § 1962(d); (3) "fraud on the court"; (4) "extrinsic fraud"; (5) breach of contract; (6) trespass; and (7) intentional infliction of emotional distress. The district court dismissed Dysart's RICO allegations without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Then, exercising its discretion under 28 U.S.C. § 1367(c)(3), the district court dismissed Dysart's remaining claims because they were "state law causes of action" over which the court lacked original jurisdiction. Id.; see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966). This pro se appeal followed.

## II.

"We read liberally briefs filed pro se." Lorisme v. I.N.S., 129 F.3d 1441, 1444 n.3 (11th Cir. 1997). Liberally construed, Dysart raises two issues on appeal: (1) whether the district court erred when it dismissed her RICO claims[2]; and (2)

---

[2] Dysart's brief suggests that she also intends to challenge the district court's dismissal of her state law claims on jurisdictional grounds. She failed to brief this issue, however, and therefore it is abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

3

whether the district court erred in dismissing her complaint without first granting her leave to amend.[3]

## A.

"We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation marks omitted). "In the case of a pro se action, moreover, [we] construe the complaint more liberally than [we] would formal pleadings drafted by lawyers." Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).

Under 18 U.S.C. § 1962(c), it is illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). "Thus, in order to establish a federal civil RICO violation

---

[3] Dysart also argues that the district court erred when it assessed costs to her upon dismissal of her complaint because her lawsuit was not "unreasonable, frivolous, meritless, or vexatious." Each of the Defendants has conceded that they did not pursue recovery of costs, and that the time limit for claiming costs has passed. Therefore this issue is moot. Flast v. Cohen, 392 U.S. 83, 95, 88 S. Ct. 1942, 1950 (1968).

4

under § 1962(c), the plaintiff[] must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282 (11th Cir. 2006) (quotation marks omitted).  Moreover, civil RICO claimants must show: "(1) [an] injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation."  Id. at 1283 (quoting 18 U.S.C. § 1964(c)).

Dysart's argument that she pleaded sufficient facts to avoid dismissal of her RICO claims is not born out by our review of her complaint.  First, Dysart failed to plead facts sufficient to prove the existence of an enterprise.  An enterprise requires proof of "an ongoing organization, formal or informal, and . . . evidence that the various associates function as a continuing unit."  Mohawk Indus., 465 F.3d at 1284 (quotation marks omitted) (emphasis added).  Here, however, Dysart alleged only that the Defendants "operated together for the common purpose of . . . divest[ing] Dysart of her home and equity therein."  Even accepting as true that the Defendants acted in concert to divest Dysart of her home, this was a discrete goal accomplished in 2007 and therefore not the work of "an ongoing organization . . . function[ing] as a continuing unit."  See id.

Second, Dysart failed to plead a pattern of racketeering activity.  To allege a pattern of racketeering activity, "[a] plaintiff[] must charge that . . . the defendants committed two or more predicate acts within a ten-year time span."  Jackson v.

BellSouth Telecomm., 372 F.3d 1250, 1264 (11th Cir. 2004). Dysart alleged in her complaint that the Defendants committed the predicate acts of mail fraud under 18 U.S.C. § 1341, wire fraud under § 1343, bank fraud under § 1344, and obstruction of court orders under § 1509. The district court determined, however, that Dysart failed to plead the mail fraud, wire fraud, or bank fraud predicates with sufficient specificity. Dysart has not meaningfully challenged this determination in her brief to this Court. Therefore, Dysart has abandoned any challenge to the district court's determination that she failed to establish two RICO predicates. Timson, 518 F.3d at 874.

Also, on a related point, Dysart has failed to sufficiently allege a pattern of racketeering activity because her complaint did not "show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239, 109 S. Ct. 2893, 2900 (1989) (emphasis added); see also Jones v. Childers, 18 F.3d 899, 912 (11th Cir. 1994) (same). "'Continuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." Jackson, 372 F.3d at 1265 (quotation marks and alterations omitted). Here, Dysart failed to establish open-ended continuity because the scheme she alleged—to divest her of her home—cannot be repeated. See id. Likewise, she failed to establish close-ended

6

continuity because "the alleged racketeering activity was related to the settlement of a <u>single</u> [foreclosure], and, notably, was not designed to perpetrate racketeering with respect to a <u>series</u> of [foreclosures]." <u>See</u> <u>id.</u> at 1267.

Finally, Dysart did not plead facts sufficient to establish § 1964(c)'s requirement that she suffered an injury to business or property caused by the RICO violation. <u>See</u> <u>Mohawk Indus.</u>, 465 F.3d at 1283. Dysart alleged that she suffered "mental anguish, emotional distress, stress, physical discomfort and associated illnesses," as well as the loss of her home. However, personal injuries of the type Dysart alleged are not a basis for a civil RICO action. <u>See</u> <u>id.</u> at 1286–87. Moreover, Dysart concedes that BankTrust was entitled to foreclose on her home; thus, the alleged RICO violations did not cause this injury. <u>Id.</u>

In sum, Dysart failed to plead facts sufficient to prove that the Defendants operated as an enterprise, that they engaged in a pattern of racketeering activity, or that she suffered an injury to business or property caused by the alleged RICO violations. Thus, the district court properly dismissed her substantive RICO claim. <u>Mohawk Indus.</u>, 465 F.3d at 1282–83. And since Dysart's RICO conspiracy claim contained no new allegations sufficient to establish "Defendants['] agreement with other entities or persons to engage in the ongoing criminal conduct of an enterprise," the district court properly dismissed that claim as well. <u>See</u> <u>Am. Dental Ass'n</u>, 605 F.3d at 1296 & n.6.

B.

Dysart further argues that the district court erred in dismissing her complaint without first granting her leave to amend.[4]  We review the district court's decision to deny Dysart's request to amend her complaint for an abuse of discretion.  Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004).  Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a).  We have recognized, however, that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." Hall, 367 F.3d at 1262–63.  "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (quotation marks omitted).

Here, Dysart's RICO claims would still be subject to dismissal even if she were allowed to amend her complaint because, as explained, she complained of only one cognizable injury—the loss of her home to one victim—herself—and thus could not establish the pattern of racketeering activity required to sustain a RICO claim.  Jackson, 372 F.3d at 1265.  Likewise, Dysart's state law claims, even if

---

[4]  Dysart did not file a separate motion requesting leave to amend her complaint.  However, in her motion opposing the Defendants' various motions to dismiss, she "beg[ged] th[e] Court for Leave to Amend and/or Correct her Complaint" in the event that the "Defendants' Motion[s] to Dismiss [were] granted."  We are satisfied that this was a request for leave to amend under the liberal pleading standard afforded pro se plaintiffs.  Powell, 914 F.2d at 1463.

amended, would still be based on state law, and therefore beyond the district court's original jurisdiction.[5]  See 28 U.S.C. § 1367(c)(3).  Thus, the district court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile.  Burger King Corp., 169 F.3d at 1320.

## III.

For these reasons, the district court's dismissal of Dysart's complaint is

**AFFIRMED.**

---

[5]  We have indicated that where federal claims are dismissed prior to trial, it would likely be an abuse of discretion to also dismiss pendant state law claims "[i]f the statute of limitations had run on [the plaintiff's] state claims while the action in federal court was pending." L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984).  Even if it is the case that Dysart's state law claims are barred by statutes of limitations, she has not briefed this issue and therefore it is abandoned as well.  Timson, 518 F.3d at 874.