**Thomas D. POWELL, Plaintiff–Appellant,**

*v.*

**M.C. LENNON, John Magathlin, Larry Parrish, Bobby Moore, C.W. Ala, Ed Averette, Defendants–Appellees.**

**No. 88–3892.**

United States Court of Appeals, Eleventh Circuit.

Oct. 15, 1990.

---

Robert A. Harper, Jr., Tallahassee, Fla., Thomas D. Powell, Treasure Island, Fla., for plaintiff-appellant.

Lyndia F. Padgett, Asst. U.S. Atty., Tim Jansen, Tallahassee, Fla., for defendants-appellees.

Before JOHNSON and HATCHETT, Circuit Judges, and SMITH *, Senior Circuit Judge.

---

\* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. The inmate crew was not given any protective clothing or other protective devices for their work in the asbestos removal.

2. Dormitory orderlies were assigned to sweep up the asbestos, apparently without any protective clothing or devices. Inmates living in the dormitory were required to clean their cells. Some inmates were given plastic sheets to lay over their beds during the day, but they were instructed to shake these out (presumably causing the asbestos once again to become airborne) before retiring for the night.

JOHNSON, Circuit Judge:

This case arises on appeal from the district court's order of October 21, 1988, dismissing the plaintiff's complaint.

## I. FACTS

### A. *Background*

Thomas Powell ("the plaintiff") is an inmate at the Tallahassee Federal Correctional Institute ("the TFCI"). The plaintiff arrived at the TFCI in early January 1987. Shortly after his arrival, the plaintiff noticed in his cell exposed ends of pipes covered with what appeared to be friable asbestos. He asked fellow inmates about the pipes, and they told him that during November or December 1986 an inmate work crew removed steam pipes covered with friable asbestos from the ceiling of the prison dormitory.[1] The inmate crew cut the pipes with a power saw, releasing large quantities of asbestos into the air of the dormitory. The crew beat the asbestos off the pipes with a hammer in order to apply the saw blade directly to the pipes. Throughout the removal process, the inmates assigned to the dormitory were required to live in the dormitory and sleep in the affected areas.[2]

The plaintiff wrote numerous letters to public officials complaining of his forced exposure to asbestos. On February 23, 1987, the plaintiff delivered a letter to his Unit Manager explaining the danger to the inmates and staff. The Unit Manager stated that the matter fell outside the scope of his authority, so the plaintiff had the letter sent to the Warden, the defendant M.C. Lennon.[3] Lennon never responded to this letter.[4] The plaintiff also requested that

---

3. The other defendants are (1) John Magathlin (Associate Warden), (2) Larry Parrish (Facilities Manager), (3) Bobby Moore (former Safety Officer), (4) C.W. Ala (Safety Officer), and (5) Ed Averette (Mechanical Services employee).

4. Lennon did respond to a letter sent to Lawrence Wallace, Assistant Attorney General, which Wallace forwarded to Lennon. While Lennon stated that "every effort is being made to comply with standards established by the Federal Bureau of Prisons, OSHA, and the Environmental Protection Agency," Lennon never ordered the plaintiff removed from the asbestos-laden dormitory.

he be transferred to a dormitory without asbestos, but his Unit Manager refused this request.

His initial requests for help having been ignored, the plaintiff wrote more letters to public officials and agencies. One letter, to the Environmental Protection Agency ("the EPA"), placed the EPA on notice that it was subject to civil suit if it failed to act. The EPA launched an investigation, which resulted in an OSHA finding that the prison authorities had committed thirteen violations during the asbestos removal. As a result, the prison paid a $51,800 fine.

### B. *Proceedings in the District Court*

On June 8, 1987, the plaintiff filed the present action alleging three counts: intentional and negligent failure to warn the plaintiff of the danger and provide adequate safety procedures, *see* 28 U.S.C.A. § 2674; failure to comply with the Clean Air Act, 42 U.S.C.A. §§ 7401–7642; and violation of the plaintiff's constitutional rights under color of law. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The complaint recites the facts relating to asbestos releases at TFCI, alleges that the level of asbestos in the air at TFCI was unsafe, and asserts that the plaintiff suffers from respiratory problems as a result of exposure to asbestos at TFCI. The complaint further alleges that the defendants knew or should have known of the danger and that inmates had no choice but to stay in the dormitory and breathe the asbestos-contaminated air. The plaintiff sought

monetary and injunctive relief. The district court referred the case to a magistrate.

The government filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6). It argued that the plaintiff's tort claim against the United States should be dismissed under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671–80 ("the FTCA"), for failure to exhaust administrative remedies and that his tort claim against the individual defendants was prohibited by the FTCA. The government also argued that the *Bivens* claim failed to state a constitutional violation because the defendants' actions were at worst negligent and unintentional and failed to shock the conscience. Finally, the government argued that the defendants were entitled to qualified immunity because their actions did not violate clearly established constitutional doctrine.[5]

■ The magistrate recommended that the motion to dismiss be granted. The magistrate concluded that the plaintiff had failed to exhaust his administrative remedies and that his claim under the FTCA therefore should be dismissed without prejudice to his refiling the claim against the United States after exhaustion.[6] The magistrate also found that the Clean Air Act did not provide the plaintiff with a private right of action.[7] Finally, the magistrate recommended that the plaintiff's *Bivens* action be dismissed because the plaintiff failed to allege a constitutional deprivation. The district court adopted the report and recommendation and dismissed the plaintiff's complaint. In this appeal we consider

---

**5.** The government also argued that the plaintiff failed to allege any damage because he admitted that he was not present in the dormitory during the removal. The plaintiff, however, was forced to live in the dormitory before all of the friable asbestos was removed from the dormitory environment. Accordingly, the plaintiff's claimed mental and physical damages have a basis in his factual allegations.

**6.** The magistrate recommended dismissing the plaintiff's FTCA claims against the individual defendants with prejudice because the FTCA prohibits claims against employees of the government based on the exercise of a discretionary function or duty, whether or not the

discretion involved was abused. This recommendation is correct. *See* 28 U.S.C.A. § 2680(a).

**7.** The plaintiff does not appeal this ruling, except to argue that he should have been granted leave to amend his complaint. Because there is not any private right of action under the Clean Air Act, *see Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 18 n. 27, 101 S.Ct. 2615, 2625 n. 27, 69 L.Ed.2d 435 (1981) (citing 116 Cong.Rec. 33,104 (1970) (statutory history, which denies existence of private remedy in damages)); *Gardeski v. Colonial Sand & Stone Co.*, 501 F.Supp. 1159, 1160 n. 1 (S.D.N.Y.1980), plaintiff's position lacks merit.

whether the district court erred in dismissing the plaintiff's *Bivens* claim.[8]

## II. STANDARD OF REVIEW

 This Court must review *de novo* the district court's order dismissing the complaint. *See Luckey v. Harris,* 860 F.2d 1012, 1016–17 (11th Cir.1988); *Jackam v. Hospital Corp. of Am. Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir.1986). A motion to dismiss will be denied unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Luckey,* 860 F.2d at 1016. The allegations in the complaint must be taken as true for purposes of the motion to dismiss. *Id.* In the case of a *pro se* action, moreover, the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (per curiam).

## III. ANALYSIS

 The Supreme Court has recognized that victims of constitutional violations committed by federal officials have a cause of action against those officials. *Bivens,* 403 U.S. at 397, 91 S.Ct. at 2005. In order to sustain a *Bivens* action, the plaintiff first must demonstrate that his constitutional rights have been violated. *Garcia v. United States,* 666 F.2d 960, 962 (5th Cir. Unit B 1982).

 The Eighth Amendment prohibits cruel and unusual punishment. *Whitley v. Albers,* 475 U.S. 312, 318, 106 S.Ct. 1078, 1083, 89 L.Ed.2d 251 (1986). In order to constitute cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests. *Id.* at 319, 106 S.Ct. at 1084. Obduracy and wantonness rather than inadvertence or error in good faith character-

ize the conduct prohibited by the Eighth Amendment. *Id.* In *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court stated that deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment. *Id.* at 104–05, 97 S.Ct. at 291.

 In the present case, the plaintiff's complaint, liberally construed, appears to allege a violation of the Eighth Amendment through the defendants' deliberate indifference to the plaintiff's serious medical needs. The plaintiff alleges that the defendants forced him to remain in a dormitory when the dormitory atmosphere was filled with friable asbestos. Further, the plaintiff alleges that the defendants knew of the health danger and yet refused to move the plaintiff to an asbestos-free environment.[9] This constitutes deliberate indifference to the plaintiff's serious medical needs. Accordingly, the plaintiff has alleged a constitutional violation under *Bivens. Id.; see also Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir.1982).

 The defendants assert that they are entitled to qualified immunity for their actions in exposing the plaintiff to asbestos. In order to defeat a claim of qualified immunity, a plaintiff must show that the right allegedly violated was clearly established and that the contours of the right were sufficiently clear that a reasonable officer would have understood that his actions violated that right. *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). The plaintiff need not, however, point to a prior case holding the very action in question to be unlawful; the unlawfulness merely must be apparent in light of pre-existing law. *Id.; see also Greason v. Kemp,* 891 F.2d 829, 834 n. 10 (11th Cir.1990) (cautioning against expansive definitions of qualified immunity that "add an unwarranted degree of rigidity to the law of qualified immunity.").

---

**8.** The plaintiff's other claims properly were dismissed. *See* nn. 5 & 6, *supra.*

**9.** The government argues that the plaintiff's exposure to asbestos was not the result of deliberate indifference, but of mere oversight (i.e., negligence). Even if the prison authorities merely acted negligently in ordering the grossly inade-

quate asbestos removal procedures present in this case, their refusal to remove the plaintiff from the dormitory after being notified of the danger constitutes deliberate indifference. *See Estelle,* 429 U.S. at 104–05, 97 S.Ct. at 291 (intentionally denying or delaying access to medical care constitutes deliberate indifference).

It is clearly established that prison officials who show deliberate indifference to an inmate's serious medical needs violate the Eighth Amendment. *Estelle*, 429 U.S. at 104–05, 97 S.Ct. at 291. In the present case, ·the plaintiff informed prison officials that exposure to friable asbestos threatened his life and health. The plaintiff's demand to be placed in an asbestos-free environment constituted a serious medical need,[10] and the defendants' actions in ignoring his request constituted deliberate indifference. Certainly the unlawfulness of these actions should have been apparent to the defendants in light of *Estelle*. *See Anderson*, 483 U.S. at 640, 107 S.Ct. at 3039. Accordingly, the defendants are not entitled to qualified immunity.

### IV. CONCLUSION

We AFFIRM the district court's dismissal of the plaintiff's FTCA and Clean Air Act claims. We REVERSE the district court's dismissal of the plaintiff's *Bivens* claim.

---

10. That the plaintiff was requesting preventive treatment in asking to be placed in an asbestos-free environment does not make his medical need not to breath asbestos any less serious. *Cf. Mandel v. Doe*, 888 F.2d 783, 790 (11th Cir.1989) (where prison officials' refusal to order medical attention caused gradual destruction of plaintiff's hip joint, officials were deliberately indifferent to plaintiff's serious medical needs).