[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14907
Non-Argument Calendar
_____

D. C. Docket No. 05-01198-CV-TWT-1

SAMUEL ADAM BUSH,

Plaintiff-Appellant,

versus

WASHINGTON MUTUAL BANK, F.A., et al.,

Defendants,

W. HOMER DRAKE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(April 11, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Samuel Adam Bush appeals the dismissal of his complaint of racketeering, fraud, and civil rights violations against a federal bankruptcy judge, W. Homer Drake. Bush argues that the district court erroneously concluded that the doctrine of judicial immunity applies to allegations of bribery. Because the Supreme Court has held that judicial immunity applies even in cases of alleged corruption, we affirm.

In August 2004, Washington Mutual Bank scheduled a foreclosure sale on property held by Bush. The day before the sale, Bush filed for bankruptcy in the Bankruptcy Court for the Northern District of Georgia and his petition was assigned to Judge Drake. The bank moved for relief from the automatic stay of bankruptcy, and Judge Drake granted the motion. Bush appealed to the district court, and the district court affirmed. Bush did not appeal to this Court.

Bush then filed suit in state court and alleged that the bank, its attorneys, and Drake conspired to "tak[e] a bribe and throw[] the case" in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, common law fraud, and conspiracy to violate his civil rights, 42 U.S.C. § 1983. Bush sought actual and punitive damages as well as declaratory and injunctive relief. The defendants removed the action to federal court and moved to dismiss the

complaint. The district court granted the motion to dismiss as to Drake on the ground that "[j]udicial immunity is an absolute bar to plaintiff's action against Judge Drake." The district court later entered final judgment as to Drake. See Fed. R. Civ. P. 54(b).

We review de novo the grant of a motion to dismiss, "accepting the factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003). We construe the pleadings of a pro se plaintiff more liberally than pleadings drafted by attorneys. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217 (1967). Judicial immunity applies when (1) "the judge deal[t] with the plaintiff in his judicial capacity" and (2) the judge did not act "in the 'clear absence of all jurisdiction.'" Dykes v. Hosemann, 776 F.2d 942, 945 (11th Cir. 1985) (en banc) (quoting Stump v. Sparkman, 435 U.S. 349, 357, 98 S. Ct. 1099, 1105 (1978)). "This immunity applies even when the judge is accused of acting maliciously and corruptly." Pierson, 386 U.S. at 554, 87 S. Ct. at 1218. The doctrine of judicial

3

immunity applies to both suits for damages and suits seeking injunctive and declaratory relief. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000).

Judge Drake is entitled to judicial immunity. The first requirement for immunity is met because issuing an order is one of the "paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court." Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 544 (1988). The second requirement is met because the U.S. Bankruptcy Court had subject matter jurisdiction over the motion decided by Drake. See Dykes, 776 F.2d at 943 (holding that "a judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability").

Bush contends that our decision "approve[s] judicial corruption," but this argument is without merit. Although judicial immunity prevents a civil suit against a federal judge accused of taking bribes, other safeguards exist to protect litigants against judicial corruption. See Bryan v. Murphy, 243 F. Supp. 2d 1375, 1379 (N.D. Ga. 2003) (listing "specific procedures . . . for the public to lodge complaints about federal judges"). First, an aggrieved litigant can appeal the judgment. Second, "[a]ny person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts . . . may file with the clerk of the court of appeals for the circuit a written complaint

4

containing a brief statement of the facts constituting such conduct." 28 U.S.C. § 351(a). Third, a bankruptcy judge may be removed from office, id. § 152(e), or criminally prosecuted, 18 U.S.C. § 201, for taking bribes.

The dismissal of Bush's complaint against Judge Drake is

**AFFIRMED**.