[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11244
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-22183-JLK

CHRISTOPHER URIAH ALSOBROOK,

Plaintiff-Appellee,

versus

SERGEANT ALVARADO, et al.,

Defendants,

SERGEANT E. MEDINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 12, 2012)

Before CARNES, BARKETT, and BLACK, Circuit Judges.

PER CURIAM:

Sergeant E. Medina appeals the district court's order denying his motion to dismiss Christopher Alsobrook's *pro se* prisoner 42 U.S.C. § 1983 complaint based on qualified immunity. In his amended complaint, Alsobrook alleged that Medina was deliberately indifferent to his serious medical needs by refusing to transport him to medical care for nearly two hours after he sustained significant injuries in an altercation with his cellmate, Izell McCloud. Medina moved to dismiss the amended complaint, arguing that he was entitled to qualified immunity because any delay in providing medical treatment was due to Alsobrook's refusal to submit to handcuff restraints, a necessary security precaution. The district court denied Medina qualified immunity, finding that the amended complaint sufficiently alleged that Alsobrook was willing to submit to restraints in order to be transported to medical care. On appeal, Medina argues that there was no constitutional violation because Alsobrook was responsible for the delayed medical treatment, and that nonetheless, the law was not clearly established that a delay in treatment based on an inmate's refusal to submit to security restraints was a constitutional violation.

A district court's denial of qualified immunity at the motion to dismiss stage is an appealable interlocutory order that we review *de novo*. *Rehberg v. Paulk*,

611 F.3d 828, 837 n.5 (11th Cir. 2010). In conducting such review, the complaint must be viewed in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). Further, a *pro se* pleading is to be construed more liberally than a counseled pleading. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

Qualified immunity protects government officials when performing a discretionary function unless the conduct violates clearly established statutory or constitutional rights that would be known to a reasonable person. *Rehberg*, 611 F.3d at 838. When evaluating qualified immunity, we consider whether (1) the complaint alleged the violation of a constitutional right, and (2) whether the right violated was clearly established at the time of the defendant's misconduct. *Id.* at 838-39.

Alsobrook's amended complaint, in pertinent part, alleges the following:

> Once, due to extreme exhaustion, inmate McCloud had relented in his assault on Plaintiff, Sgt. Medina instructed inmate McCloud to "cuff-up" which McCloud refused to do. Upon McCloud's refusal to be handcuffed, Sgt. Medina, despite Plaintiff's repeated pleas to be taken from the cell, specifically stating as he looked Sgt. Medina square in the eye through the cell door window that " . . . I can't fight anymore. I'm through Sarge . . . Don't leave me in here, man. . . . I need medical attention right now . . . get some medical down here!"

3

The amended complaint then alleges that Medina "closed the tray flap in the door and said: 'When y'all are ready to cuff up I'll get you to medical.'"

Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). For a claim of deliberate indifference to a serious medical need, the plaintiff must show: (1) a serious medical need, (2) deliberate indifference to that need on the part of the defendant, and (3) causation between the defendant's indifference and the plaintiff's injury. *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010). To specifically establish the "deliberate indifference" prong of this claim, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Id.* at 564 (quotation marks omitted) (alteration in original). With regard to gross negligence in a delay-of-treatment case, the relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert v. Lee County*, 510 F.3d 1312, 1327 (11th Cir. 2007).

When viewing the allegations in the amended complaint in the light most favorable to Alsobrook, we find that Alsobrook alleged sufficient facts to

4

demonstrate that his injuries[1] constituted a serious medical need that Medina knew about but delayed for almost two hours in taking him for medical treatment, causing further injury, when there was no justifiable reason for the delay. Medina argues that the delay was attributable to Alsobrook because he refused handcuffs. According to the allegations of the amended complaint, however, Alsobrook never refused to submit to handcuffs. Instead, the complaint alleges that Alsobrook's cellmate McCloud, over whom he had no control, refused to submit to handcuffs. Medina asserts that the delay in medical treatment was reasonable because Alsobrook "held the key to his medical care." Appellant's Br. 12. This assertion, however, is based on a reading of the amended complaint that is most favorable to Medina rather than to Alsobrook. Accordingly, the district court did not err in finding that the amended complaint provided sufficient facts to support a claim for deliberate indifference.

Medina also argues he is nonetheless entitled to qualify immunity because the law was not clearly established that a one-hour-and-forty-minute delay in taking an inmate for medical attention, where the inmate and cellmate refuse to

_____

[1] The amended complaint alleges that his visible injuries included "bleeding from a gash to the back of his head, a cut under his right eye, a bloody nose, a cut high on his forehead by the hairline, and with 70% of the front of his shirt and the lap of his boxers covered in blood in addition to heavy-swelling and blackening of a large portion of the Plaintiff's face."

5

submit to restraints, violates the constitution. As we have already explained, however, the amended complaint does not state that Alsobrook ever refused to submit to restraints. Based on Alsobrook's allegations, we must determine whether the law was clearly established that it is a constitutional violation to delay medical attention for an hour and forty minutes while an inmate whose clothes were covered in blood continued to bleed from a gash and cuts on his head. The only reason given for the delay that can possibly be squared with the allegations of the complaint is that Alsobrook's cellmate McCloud refused to be handcuffed.

We have held that there need not be a case with materially identical facts in order for the law to be clearly established, but the law must make it obvious that the conduct violated the plaintiff's rights in the particular circumstances. *Youmans*, 626 F.3d at 563. In making this determination, we consider what a reasonable officer would have known at the time of the incident, and "whether it would be clear to a reasonable officer that his conduct was unlawful *in the situation*" the officer confronted. *Id.* (quotations and citations omitted) (emphasis in original). Preexisting law cannot merely imply a violation for the law to be established. *Id.*

As to deliberate indifference, case law has established that both long and short delays can be inexcusable, depending on the medical need and the reason for

6

the delay. *See Harris v. Coweta Cnty.*, 21 F.3d 388, 393-94 (11th Cir. 1994) (holding that evidence of a several week delay in treating a painful hand condition created a genuine issue of material fact about deliberate indifference); *Bozeman v. Orum*, 422 F.3d 1265, 1273-74 (11th Cir. 2005) (holding that a fourteen-minute delay, when the plaintiff was unconscious and not breathing, was deliberate indifference). Furthermore, delayed treatment of a few hours for bleeding cuts, when there is no justifiable explanation for the delay, may equate to deliberate indifference. *See Aldridge v. Montgomery*, 753 F.2d 970, 972-73 (11th Cir. 1985) (agreeing with the plaintiff that when there was a two-and-one-half-hour delay in treating a bleeding cut, and evidence "that the cut was at least one and a half inches long, that it required six stitches, that there was blood on the floor and on [the plaintiff's] coat and shirt . . . reasonable persons could find that the [defendant] officials showed a deliberate indifference to the serious medical needs of the appellant").

The district court did not err in finding that the law was clearly established at the time of the incident that allegations of an unjustifiable delay of one hour and forty minutes in treating a continuously bleeding "gash to the back of [Alsobrook's] head, a cut under his right eye, a bloody nose, [and] a cut high on his forehead by the hairline" while his clothes were covered in blood and his face

was swelling and bruising, were sufficient to plead deliberate indifference. Accordingly, the court did not err in denying Medina's motion to dismiss based on qualified immunity.

**AFFIRMED.**[2]

---

[2] This appeal was originally scheduled for oral argument, but under 11th Circuit Rule 34-3(f) it was removed from the oral argument calendar.