**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BYRON SMITH,

      Plaintiff-Appellant,

v.

WILLIAM E. HOWELL, JR., Safety
Manager, Federal Bureau of Prisons, in
his official and individual capacity;
JOHN PARENT, Custodial Maintenance
Services Manager, Federal Bureau of
Prisons, in his official and individual
capacity; TERESA HARTFIELD,
Education Administrator/Principle,
Federal Bureau of Prisons, in her official
and individual capacity; JEFFERY
SINCLAIR, Electric Shop Supervisor,
Federal Bureau of Prisons, in his official
and individual capacity; JOHN DOE,
Education Staff Member, Federal Bureau
of Prisons, in his official and individual
capacity; JANET DURBIN, Education
Staff Member, Federal Bureau of Prisons,
in her official and individual capacity;
STEPHANIE WHEELER, Safety Officer,
Federal Bureau of Prisons, in her official
and individual capacity; EDDIE
GALLEGOS, Acting Warden, in his
individual capacity; NEIL BUSTRAIN,
BOP Officer/Card Holder, in his
individual capacity,

      Defendants-Appellees.

No. 13-3251
(D.C. No. 5:06-CV-03061-JTM-KGG)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **EBEL**, and **PHILLIPS**, Circuit Judges.

---

Plaintiff Byron Smith appeals the district court's grant of summary judgment on his *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claim in favor of the defendants, who are employees and administrators at the Federal Bureau of Prisons and the United States Penitentiary at Leavenworth.[1] Smith alleges the defendants violated his Eighth Amendment rights when he was exposed to asbestos while he was an inmate at Leavenworth doing electrical work for the prison. The defendants moved for summary judgment based on qualified immunity, and the district court granted it as to all defendants. We have jurisdiction under 28 U.S.C. §1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Smith's initial complaint alleged additional claims against additional defendants. We previously affirmed the district court's dismissal of all Smith's claims against all defendants under the Federal Tort Claims Act, as well as his *Bivens* claims against all defendants except the remaining defendants named in their individual capacities. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

In 2003, "Smith received a work order from his supervisor, defendant Jeffery Sinclair, to install a new light fixture in a closet in the prison's education department." *Smith v. United States*, 561 F.3d 1090, 1094 (10th Cir. 2009). A 1994 survey by the Ramsey-Schilling Consulting Group had documented the presence of asbestos in Leavenworth's education building and reported that the pipe insulation in this particular closet was damaged. Smith claims that defendant John Parent, Leavenworth's custodial services manager, told Smith he had written a memo prior to this work order warning prison officials not to let anyone in the classroom closet due to the damaged asbestos insulation.

The 2003 work order was approved by defendant Teresa Hartfield, the education administrator, and was sent to Sinclair by defendant Janet Durbin, a staff member in the education department.[2] Durbin opened the classroom closet for Smith and his work crew and showed them where she wanted the light fixture. "While Smith was installing the light fixture, a fellow inmate, Carlos Gonzalez, . . . who had been instructed by prison staff to clean the closet, then began pulling insulation off of the pipes in the closet, thereby filling the air with dust." *Id.* Smith alleges that this dust contained asbestos and that the dust irritated his eyes and throat. Smith and the crew left the closet until the dust settled and "Durbin directed Gonzalez to wait until the light fixture was installed before continuing his work in the closet [and t]he work crew suspended work until the dust settled." *Id.*

---

[2]    Ms. Durbin was never served with process.

- 3 -

The next day, Smith was given another work pass by Sinclair and he and the other members of the work crew returned to the closet to finish installing the light fixture. They were again given access to the closet by Durbin, and she again supervised their work. Gonzalez was allowed back into the closet while Smith and the others were working inside. Once inside, Gonzalez pulled insulation off pipes, releasing additional dust to which Smith was exposed. The dust again caused irritation to Smith, and the work crew again stopped working until the dust settled. Durbin directed Gonzalez to leave the closet, threatening to write a report on him if he did not comply. After the dust cleared, Smith and the crew continued work on the fixture, but could not get the light to work. Durbin called Sinclair, and he arrived to assist. The job was then completed.

*Id.*

After allowing Smith to conduct limited discovery, the district court granted summary judgment in favor of all defendants. First, it ruled the evidence taken in the light most favorable to Smith fell short of establishing an Eighth Amendment claim for cruel and unusual punishment. The court assumed defendants were previously aware of a low risk of asbestos exposure before the work order and were aware there was friable asbestos[3] in the closet when work continued the second day,[4] but it ruled

---

[3]     "A 'friable' asbestos material is one that, when dry, may be crumbled, pulverized, or reduced to powder by hand pressure, and includes previously nonfriable material after such previously nonfriable material becomes damaged to the extent that when dry it may be crumbled, pulverized, or reduced to powder by hand pressure." *Adams-Arapahoe Sch. Dist. No. 28-J v. GAF Corp.*, 959 F.2d 868, 870 (10th Cir. 1992) (internal quotation marks omitted). "Respirable asbestos fibers may be released from 'friable' asbestos-containing materials when such materials are disturbed." *Id.* Nothing in the district court's decision supports Smith's argument that the court confused friable asbestos with undisturbed and intact asbestos.

[4]     We previously held that Smith pleaded sufficient facts that the defendants were aware that asbestos was present in the closet to withstand dismissal under Fed. R. Civ. P. 12(b)(6). *Smith*, 561 F.3d at 1105.

- 4 -

the evidence still did not show that defendants acted with deliberate indifference in response to the release, or that Smith's limited exposure amounted to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). Second, it ruled even if Smith's limited exposure to asbestos had been sufficient to constitute a violation of his Eight Amendment rights, no such violation was clearly established at the time of the incident. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (government officials are entitled to qualified immunity where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (internal quotation marks omitted)).

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). "When a defendant asserts qualified immunity at summary judgment," the plaintiff has the burden "to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Id*. We maintain the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

Smith argues on appeal that defendants did violate his Eighth Amendment rights and that these rights were clearly established. We need not address the first

prong because we find no authority from the Tenth Circuit or the Supreme Court that would have given defendants notice that their actions would violate Smith's rights. A constitutional right is clearly established when, at the time of the alleged violation, the contours of the right were so clear that a reasonable official would understand that his actions violated that right. *Walker v. City of Orem*, 451 F.3d 1139, 1151 (10th Cir. 2006). The question of whether a right is clearly established must be answered "in light of the specific context of the case, not as a broad general proposition." *Morris v. Noe*, 672 F.3d 1185, 1196 (10th Cir. 2012) (internal quotation marks omitted). In order for the law to be clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the [right] to be as the plaintiff maintains." *Eidson v. Owens*, 515 F.3d 1139, 1148 (10th Cir. 2008) (internal quotation marks omitted).

In *Helling v. McKinney*, the Supreme Court held that the Eighth Amendment protects prisoners from an official's deliberate indifference to conditions posing an unreasonable risk of serious damage to the prisoner's future health. 509 U.S. 25, 33-35 (1993). At issue in *Helling* was an inmate's exposure to environmental tobacco smoke in the absence of a present physical injury. The Court held an inmate must show he was "exposed to unreasonably high levels" of environmental toxins. *Id*. at 35. To violate the Eighth Amendment, the inmate must show the risk he complains of is one that "society considers . . . so grave that it violates contemporary

- 6 -

standards of decency to expose *anyone* unwillingly to such risk." *Helling*, 509 U.S. at 36. ("In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.").

Smith cites no Tenth Circuit or Supreme Court cases in 2003 holding that a limited exposure to asbestos dust for a few hours poses such an objectively serious risk of future harm to offend contemporary standards of decency. Indeed, there is no such authority even today. Smith cites to an Eleventh Circuit decision, *Powell v. Lennon*, 914 F.2d 1459, 1461-64 (11th Cir. 1990), which denied qualified immunity to prison officials who forced an inmate to remain in his cell filled with large quantities of friable asbestos for six months, ignoring the inmate's repeated requests to be moved to an asbestos-free environment. He also cites a Ninth Circuit decision, *Wallis v. Baldwin*, 70 F.3d 1074, 1075-77 (9th Cir. 1995), which denied qualified immunity where an inmate was required to work for forty-five hours in an unventilated attic containing friable asbestos scattered all around from broken and damaged asbestos-insulated pipes, despite a prior order from the state fire marshal to remove the material hanging from the damaged pipes.[5]

---

[5] Smith also relies heavily on an unpublished Clear Air Act case from the Kansas district court citing a Congressional finding that "'medical science has not established any minimum level of exposure to asbestos fibers which is considered to be safe to individuals exposed to the fibers.'" *United States v. A.A. Mactal Constr. Co., Inc.*, No. CIV. A. 89-2372-V, 1992 WL 245690, at *3 (D. Kan. Apr. 10, 1992) (unpublished) (quoting 20 U.S.C. § 4011(a)(1)). An unpublished case having nothing to do with the Eighth Amendment can hardly be said to place Smith's claim of an Eighth Amendment violation beyond debate.

We agree with the district court that the facts of *Powell* and *Wallis* are not sufficiently analogous to the extremely limited exposure of only a few hours here. *See Ashcroft v. al-Kidd*, ___ U.S. ___, 131 S. Ct. 2074, 2083 (2011) ("We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."); *Eidson*, 515 F.3d at 1148 (stating that to be clearly established law, facts of cases need not be identical, but they must be sufficiently analogous). Both *Powell* and *Wallis* involved an inmate's prolonged exposure to large amounts of friable asbestos, whereas Smith was exposed only to a small quantity from one damaged pipe for just a few hours. Moreover, Ninth and Eleventh Circuit law are not controlling precedent for purposes of qualified immunity. Our survey of authority from other circuits confirms the district court's conclusion that the weight of authority does not clearly establish a right to be free from even a few hours of exposure to friable asbestos.

We conclude that Smith did not meet his burden to show that the constitutional right he claims was violated was clearly established. The judgment of the district court is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge