[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15034
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-62261-BB

CELESTINE G. THOMPSON,

Plaintiff-Appellant,

versus

ANNETTE NEWSOME,
PERRY E. THURSTON, JR.,
WOODROW J. POITIER,
W. A. JONES,
BETTY SNEED, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 7, 2017)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Celestine Thompson, a *pro se* litigant, appeals the *sua sponte* dismissal of her 18 U.S.C. § 115 action filed *in forma pauperis* for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  Thompson contends the district court erred when it dismissed her complaint because she stated a claim upon which relief could be granted.  After review,[1] we affirm.

To avoid dismissal, the complaint must state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Section 115 of Title 18 criminalizes various acts committed against federal officers and states, *inter alia*:

> (a)(1) Whoever—
>
>> (A) assaults, kidnaps, or murders, or attempts or conspires to kidnap or murder, or threatens to assault, kidnap or murder a member of the immediate family of a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under section 1114 of this title; or

---

[1]  We review the district court's dismissal for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) *de novo*, applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  A district court "shall dismiss" a case filed *in forma pauperis* if the court determines the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).   We must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true.  *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056-57 (11th Cir. 2007).

(B) threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section,

with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

18 U.S.C. § 115(a)(1).  On its face, this provision applies to Federal officials, judges, and law enforcement officers as well as their immediate family.  *Id.*  A "Federal law enforcement officer" is "any officer, agent, or employee of the United States authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of any violation of Federal criminal law."  *Id.* at § 115(c)(1).  The punishment for an assault described in § 115(a)(1) is a fine and imprisonment.  *See id.* at § 155(b).

Construing Thompson's complaint liberally and taking all facts she pled as true, the district court did not err in dismissing Thompson's complaint because she was not in the class of victims the statute protects and the statute does not provide civil remedies.  *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) (stating *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys).  Accordingly, we affirm.

**AFFIRMED.**