[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14636
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-01194-BJD-PDB


ALBERT STEWARD,

Plaintiff-Appellant,

versus

INTERNATIONAL LONGSHOREMAN'S ASSOCIATION, LOCAL NO. 1408,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 7, 2020)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Albert Steward, proceeding *pro se*, appeals the dismissal of his action, brought under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, for failure to state a plausible claim to relief.  He contends that the district court erred in dismissing his complaint in part as barred by the statute of limitations and in part for failure to allege sufficient facts showing that the union of which he was a member, the International Longshoreman's Association, Local No. 1408, violated its duty of fair representation to him.  After careful review, we affirm.

## I.

On September 16, 2016, Steward, represented by counsel, filed an action against the union for breach of the duty of fair representation under the NLRA. Steward's counsel withdrew and, sometime later, Steward filed a *pro se* fourth amended complaint, which became the operative complaint.

In his fourth amended complaint, Steward claimed that the union breached the duty of fair representation owed to him as a union member under 29 U.S.C. § 151. Construed liberally, the complaint alleged that the union breached its duty in three ways.  First, Steward alleged, the union president refused to dispatch him for service in accordance with his position on the port seniority list from 2004 to 2006.  Second, according to Steward, the union president refused to process his grievances regarding three different matters:  (a) dispatching issues from 2004 to 2006; (b) the port seniority list posted on November 17, 2014, which showed that he had lost his

2

previous port seniority; and (c) his suspension by Coastal Great Southern in June 2015. Finally, Steward alleged that he was injured when the union failed to "include him when amnesty was initiated in April or late May 2016."

In a report and recommendation ("R&R"), a magistrate judge recommended that the district court dismiss Steward's claims. The magistrate judge found that a six-month statute of limitations applied to his claims for breach of the duty of fair representation. Applying this limitations period, the magistrate judge concluded that Steward's claims based on the refusal to dispatch him and to process his grievances were time barred because

> Steward knew or should have known before March 16, 2016 (six months before September 16, 2016, when he filed the complaint), that the union was taking no action on grievances made from 2004 to 2006 and from 2014 to 2015, including his grievances over the alleged change to his seniority in November 2014 and his suspension by Coastal Great Southern in June 2015.

Steward's remaining claim relating to amnesty in April or May 2016 "d[id] not appear barred by the six-month limitations period," according to the magistrate judge, but he failed to state a plausible claim that the union acted arbitrarily, discriminatorily, or in bad faith. Finally, the magistrate judge recommended denying leave to amend, noting that Steward had been given five opportunities to amend his

3

complaint. The district court adopted the R&R over Steward's objections and dismissed his claims with prejudice.[1] This appeal followed.

## II.

We review *de novo* the dismissal of a complaint for failure to state a claim, including on statute-of-limitations grounds, accepting the allegations in the complaint as true and construing all reasonable inferences in the plaintiff's favor. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). We liberally construe pleadings filed by *pro se* parties. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

"A dismissal for failure to state a claim on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018) (quotation marks omitted). To avoid dismissal for failure to state a claim, "[a] plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are not sufficient; the plaintiffs must state a claim to relief that is plausible on its face." *Feldman v. Am. Dawn, Inc.*, 849 F.3d 1333, 1339–40 (11th Cir. 2017) (citation and quotation marks omitted).

---

[1] It appears that the parties mediated the case and reached some kind of settlement, but the court ultimately did not review the settlement, despite Steward's request.

4

Under the NLRA, when a union serves as the exclusive representative of employees in a bargaining unit, the union has a duty "to represent all members fairly." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998). A union breaches the duty of fair representation when its "conduct toward a member . . . is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

"When the union member sues the union for breaching its duty of fair representation, the six-month statute of limitations established in section 10(b) of the NLRA, 29 U.S.C. § 160(b), applies." *Hechler v. Int'l Bhd. of Elec. Workers*, 834 F.2d 942, 944 (11th Cir. 1987). The six-month period begins to run "when plaintiffs either were or should have been aware of the injury itself." *Benson v. Gen. Motors Corp.*, 716 F.2d 862, 864 (11th Cir. 1983). For example, when the injury concerns the loss of seniority, the plaintiff "should have known of this loss when the seniority lists were posted." *Id.* However, if the employee pursues internal union remedies, the statute of limitations is tolled and begins to run when the employee "knew or should have known of the Union's 'final action,' i.e. the point where the grievance procedure was exhausted or otherwise broken down." *Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1577 (11th Cir. 1991) (quotation marks omitted).

Steward maintains that the district court erred in dismissing the majority of his claims as time barred. In his view, the "continuing violation doctrine" applies to make his claims timely because he alleged "repeated injuries," the last of which

5

arises from the union's "failure[] to include him with the other eight union member[s] when amnesty was created on the night [of] March 23, 2016."

When a union member alleges repeated injuries, § 160(b) does not bar legal action so long as the "complaint is filed within six months of one such [injury], notwithstanding the fact that more than six months passed between the earlier [injuries] and the filing of the charge." *NLRB v. Preston H. Haskell Co.*, 616 F.2d 136, 140–41 (5th Cir. 1980).[2]  We explained that "[e]ach [injury] represents an independent unfair labor practice that does not derive its illegal character from earlier violations and, as long as one discrete violation occurred within six months of the filing of charges, legal action is timely." *Id.* at 141.  Thus, "section 10(b) does not bar an action where occurrences within the six-month limitations period in and of themselves may constitute, as a substantive matter, unfair labor practices," even if "evidence of events outside the [160](b) period" is used to prove the "true character" of that unfair labor practice. *Id.* at 139 (quotation marks omitted).

Here, the district court properly dismissed the majority of Steward's claims as barred by § 160(b)'s six-month limitations period.  As the R&R explained,

> Steward knew or should have known before March 16, 2016 (six months before September 16, 2016, when he filed the complaint), that the union was taking no action on grievances made from 2004 to 2006 and from 2014 to 2015, including his grievances over the alleged

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), we adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

6

change to his seniority in November 2014 and his suspension by Coastal Great Southern in June 2015.

At the very latest, Steward knew that the grievance procedure concerning these matters was exhausted or had broken down by December 2015, when, according to the fourth amended complaint, he "made several attempts to have a grievance hearing and was denied" by the union president. *See Hester*, 941 F.3d at 1577. So even if we assume that the six-month statute of limitations was tolled until that "final action," it is apparent from the face of the fourth amended complaint that Steward's claims alleging unlawful labor practices before March 16, 2016, are time barred. *See Hunt*, 887 F.3d at 1085.

Steward's attempt to resurrect these claims through a theory of "repeated injuries" is unavailing. Steward points to the union's failure to include him when it granted amnesty to certain members and restored their seniority. The grant of amnesty appears to have occurred either on March 23, 2016, according to Steward's brief on appeal, or in April or May 2016, according to the fourth amended complaint. In either case, Steward alleged a discrete breach of the duty of fair representation that occurred within the six-month limitations period. As the district court found, this claim appears to be timely. But the fact that this claim is timely does not mean that Steward's other claims are timely as well, because the alleged unlawful labor practices at issue in those claims occurred outside of § 160(b)'s six-month period. *See Preston H. Haskell*, 616 F.2d at 139–41. Legal action is not barred altogether

7

in this circumstance, but it is limited to the alleged unfair labor practice that occurred within the six-month limitations period.

Turning to Steward's claim regarding the failure to grant him amnesty, we agree with the district court that the fourth amended complaint does not plausibly establish a breach of the union's duty of fair representation. Steward argues that his allegations show that the union president treated him differently than other union members. But he provides no details from which a plausible inference could be drawn that the union acted arbitrarily, discriminatorily, or in bad faith in doing so. *See Vaca*, 386 U.S. at 190. Steward alleged that certain union members were granted amnesty while he was not. But as the magistrate judge noted, "[h]e alleges no facts explaining why he should have been given amnesty or why it was incorrect or improper to give others amnesty." Because this claim is based on "conclusory allegations and legal conclusions," Steward did not state a plausible claim to relief. *Feldman*, 849 F.3d at 1339–40.

Finally, Steward asserts in passing that the district court should have waited until discovery was completed and that it improperly ignored his motion to compel. But we have held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Neither the parties nor the court have any need

8

for, or right to, discovery before the court rules on such a motion. *Id.* Because the court properly granted the motion to dismiss, no discovery was warranted.

For these reasons, we affirm the dismissal with prejudice of Steward's fourth amended complaint.

**AFFIRMED.**