[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-14100

Non-Argument Calendar

————————————————

RICHARD GERARD BOYLE,

Plaintiff-Appellant,

*versus*

TRACFONE WIRELESS, INC.,
Richard Saltzman - Executive Vice President,
MAGEN MENENDEZ,
Subpoena Compliance,

Defendants-Appellees.

————————————————

2                    Opinion of the Court                    23-14100

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-24504-RKA

_____

Before JORDAN, LAGOA, and DUBINA, Circuit Judges.

PER CURIAM:

Richard Boyle, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his civil suit against TracFone Wireless, Inc., a cell phone company based in Miami, Florida; Richard Saltzman, the company's Executive Vice President; and Magen Menendez, an employee in its Subpoena Compliance Department (referred to collectively as "TracFone"), for violation of the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2702(a)(3) and 2707(a) & (f), as barred by the SCA's two-year statute of limitations.[1]

**I.**

---

[1] Boyle also argues that the district court was incorrect to find in its order denying Boyle's post-appeal Rule 59(e) motion to amend that he failed to plead equitable tolling of the statute of limitations and that his suit was barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). We lack jurisdiction to review that order because neither the motion nor the order denying it existed when he filed his notice of appeal; Boyle did not file a new notice of appeal or amend his initial notice of appeal; and neither his appellant brief nor any other document that could be construed as a notice of appeal was filed within 30 days after the entry of the court's post-appeal order. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998); *Rinaldo v. Corbett*, 256 F.3d 1276, 1278 (11th Cir. 2001).

We apply Rule 12(b)(6) standards in reviewing dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We "review dismissals under Rule 12(b)(6) *de novo*, viewing the allegations in the complaint as true." *Id*. *Pro se* complaints should be construed more liberally than pleadings drafted by lawyers. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, our "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (quotation omitted).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint satisfies Rule 8 when it contains sufficient facts, when accepted as true, to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S. Ct. 1955, 1974 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

## II.

The SCA provides a civil cause of action to "any provider of electronic communication service, subscriber, or other person aggrieved by any violation of [the SCA] in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind." 18 U.S.C. § 2707(a). The SCA makes it unlawful for

"a provider of remote computing service or electronic communication service" to "knowingly divulge a record or other information pertaining to a subscriber to or customer of such service . . . to any governmental entity." *Id.* § 2702(a)(3). The SCA carves out some exceptions for disclosures of communications and customer records to law enforcement. *See id.* § 2702(b)(7)(A)(ii), (c)(1); *id.* § 2703. The SCA provides a two-year statute of limitations for civil claims: "[a] civil action under [§ 2707] may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." *Id.* § 2707(f).

Boyle avers in his complaint that TracFone and its employees violated the SCA through its unlawful disclosure of the alleged IP address of the computer which was given to the detective who conducted the investigation into Boyle's alleged criminal activity. This unlawful disclosure of information led to his convictions for bank robbery and money laundering that resulted in a 852-month total sentence imposed by the district court in February 2020. Specifically, Boyle claims that TracFone violated the SCA by turning over his cell phone records in response to an invalid search warrant that had expired before authorities executed it. Moreover, Boyle asserts that the company provided the police with the IP address where the cell phone was activated, which was information beyond the scope of the warrant.[2]

---

[2] The defendants were not served in the district court, and they have not filed an appellate brief.

### III.

The record demonstrates that the district court correctly dismissed Boyle's suit as time barred.  According to Boyle's own allegations, which the district court correctly accepted as true, he had either discovered or had a reasonable opportunity to discover that TracFone allegedly unlawfully disclosed the phone activation IP address information as of February 25, 2019, at the latest, which was more than four years before he filed his complaint.  The district court based this finding on the fact that Boyle admitted that he first learned about TracFone's unlawful disclosure of the IP address to the detective as early as July 17, 2018, when a TracFone employee told an investigator for Boyle's defense attorney that TracFone did not provide activation information to law enforcement.

Alternatively, the district court found that even if it assumed Boyle did not learn about this conversation on July 17, 2018, Boyle would have known about it no later than November 20, 2018, when his lawyer filed a motion for a *Franks*[3] hearing based at least in part on the allegation that the detective lied about how he received the IP address.  Furthermore, the district court noted that in February 2019, in an email to his defense counsel, Boyle wrote that he would not stipulate to anything in his case and instructed his lawyer to subpoena the TracFone employee.  As such, the district

---

[3] *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978) (holding that the court must conduct a hearing when a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in a search warrant).

court concluded that Boyle first discovered or had a reasonable opportunity to discover the alleged SCA violation at some time between July 17, 2018, and February 25, 2019, more than two years before he filed his complaint.

We agree with the district court's finding and conclude that Boyle's complaint was barred by the statute of limitations.  Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Boyle's complaint as untimely.

**AFFIRMED.**