**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12710

Non-Argument Calendar

_____

MICHAEL WAYNE HILL,

*Plaintiff-Appellant,*

*versus*

TARA RAULSTON,
   Clinical Care Coordinator,
KATIE KING,
BSN, RN,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:25-cv-00433-MCR-HTC

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Michael Wayne Hill, proceeding pro se, appeals the district court's dismissal of his complaint. In the dismissed complaint, Hill had sued two mental health professionals under 42 U.S.C. § 1983, alleging that these professionals violated his Fourth Amendment rights by certifying that he met the criteria for involuntary examination under Florida's Baker Act. Fla. Stat. § 394.463(1)(b)(2). The district court dismissed Hill's complaint because the named defendants, both privately employed, were not state actors under § 1983.

Hill raises two issues on appeal. First, whether the district court erred in dismissing Hill's § 1983 claim, and second, whether the court erred in denying Hill leave to amend his complaint. We determine that the district court did not err on either count. Accordingly, we affirm the court below.

## I.

A district court's *sua sponte* dismissal for failure to state a claim is reviewed *de novo*. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We view the complaint in the light most favorable to the plaintiff, and we accept as true the plaintiff's well-pleaded facts. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). And, because Hill is a pro se appellant, we will "construe the complaint more liberally than [we] would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

When an appellant fails to properly challenge one of the grounds on which the judgment is based, he has abandoned any challenge of that ground. *Sapuppo v. Allstate Floridian Ins. Co.*, 739

F.3d 678, 680 (11th Cir. 2014). An appellant abandons a claim when: (a) he makes only passing references to it, (b) he raises it in a perfunctory manner without supporting arguments and authority, or (c) he refers to it only in the "statement of the case" or "summary of the argument." *Id*. at 681–82.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Determining whether conduct constitutes state action is a mixed question of law and fact, which is reviewed *de novo*. *Duke v. Smith*, 13 F.3d 388, 392 (11th Cir. 1994). State action requires (1) "an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) that "the party charged with the deprivation" be a state actor. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation modified). And a private party will be viewed as a state actor for section 1983 purposes only in rare circumstances. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

We "employ three distinct tests in determining whether the actions of a private entity are properly attributed to the state." *Focus on the Family v. Pinellas Suncoast Transit Auth*., 344 F.3d 1263, 1277 (11th Cir. 2003) (citation modified). The three tests are the state compulsion test, the public function test, and the nexus, or joint

action, test. *Id*. Hill's claims fail under each of these three tests. We discuss them in turn below.

First, Hill cannot demonstrate that the challenged actions were state action under the state compulsion test. "The state compulsion test . . . limits state action to instances in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *Id*. In *Harvey*, we reasoned that it defies logic that a state would want to encourage involuntary commitments. *Harvey*, 949 F.2d at 1131. As a result, we determined that the state compulsion test fails where, as here, private parties simply comply with state regulations regarding involuntary commitments for mentally ill patients. *Id.*

Second, Hill also cannot demonstrate that the defendants were performing a public function. "The public function test for state action . . . covers only private actors performing functions traditionally the exclusive prerogative of the State." *Focus on the Family*, 344 F.3d at 1277 (citation modified). We have, when analyzing a statute similar to Florida's Baker Act, refused to categorize involuntary commitment as a function "so reserved for the state that action under the commitment statute transforms a private actor into a state actor." *Harvey*, 949 F.2d at 1131. Therefore, as with the state compulsion test, the public function test fails to make state actors of private parties who—like the defendants here—are simply performing their duties in accordance with state involuntary commitment statutes. *Harvey*, 949 F.2d at 1131.

Finally, Hill's claims likewise fail to satisfy the nexus test for state action. "The nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Focus on the Family*, 344 F.3d at 1277 (citation modified). Previously, we affirmed a district court's holding that (1) a private hospital was not a state actor, and (2) a husband and private physicians unaffiliated with any state institution were not state actors when they involuntarily committed the claimant. *Harvey*, 949 F.2d at 1130-1133. Therefore, the mere fact that a private actor contracts with a governmental entity does not mean that every action taken by the private actor can be attributed to the government. *Focus on the Family*, 344 F.3d at 1278. Similarly, "licensing and regulation are not enough to transform private [parties] into state actors for section 1983 purposes." *Harvey*, 949 F.2d at 1132. These prior rulings foreclose Hill's arguments that the defendants satisfy the nexus, or joint action, test. As a result, we can conclusively determine that the defendants were not state actors.

We now turn to Hill's second argument—that the court erred in denying him leave to amend his complaint. Hill only mentions this issue in his "statement of the issues" section, argument summary section, and conclusion section. Each time he only includes a conclusory sentence on the issue without expanding his reasoning or citing case law to support his argument. Because Hill has only addressed this issue in a perfunctory manner, he has abandoned any argument that leave to amend his complaint would not have been futile. *Sapuppo*, 739 F.3d at 680.

The district court did not err when it dismissed Hill's complaint for failure to state a claim upon which relief can be granted. The state compulsion test does not apply because Florida's Baker Act does not compel or significantly encourage involuntary commitment, and the public function test fails because involuntary commitment is not considered a traditionally exclusive state function. The nexus test also fails because the state was not inextricably intertwined in Hill's hospitalization. And, because Hill abandoned any challenge to the court's denial of leave to amend, we cannot say that the district court erred there either.

## II.

For the foregoing reasons, we reject Hill's arguments. Accordingly, the district court is **AFFIRMED.**