[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14039
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00115-BAE-JEG

BRAJA PANDIT SMITH,

Plaintiff-Appellant,

versus

BRIAN OWENS,
Individually and in his official capacity,
ROBERT TOOLE,
Individually and in his official capacity,
JOHN PAUL,
Individually and in his official capacity,
WINDELL FOWLER,
Individually and in his official capacity,
LARRY BRUTON,
Individually and in his official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____
(July 16, 2015)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Braja Pandit Smith, a Georgia prisoner proceeding *pro se*, appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint against prison officials pursuant to 28 U.S.C. § 1915A(b)(1).  After careful review, we affirm in part and vacate in part, remanding for further proceedings consistent with this opinion.

## I.  Background

In 2013, Plaintiff, a prisoner incarcerated at Georgia State Prison, filed this § 1983 action against ten corrections officers—Jenkins, Bishop, Tootle, Dominguez, Blakenly, Anderson, Moyett, Taylor, and Osbourne (collectively, the "Corrections Officer Defendants")—and five supervisory corrections officials— Brian Owens, Commissioner of the Georgia Department of Corrections; Robert Toole, Georgia State Prison Warden; John Paul, Warden of Security at Georgia State Prison; Wendell Fowler, Warden of Care and Treatment at Georgia State Prison; and Larry Bruton, Unit Manager at Georgia State Prison (collectively, the "Supervisory Defendants").

Plaintiff generally alleged that, in violation of his Eighth Amendment rights, the living conditions at the prison were extremely harsh, and the Supervisory Defendants were aware of, and responsible for, these conditions.  Plaintiff further

2

alleged that it was the custom or policy at the prison to house two inmates in a cell designed for a single person, which created a substantial risk of violence among inmates. Plaintiff specifically alleged that he had to share his cell with gang members, despite the fact that he had complained to prison mental health counselors that he had previously been attacked by gang members while incarcerated at another facility. In February 2013, Plaintiff was stabbed by his cellmate, "who was a gang member known for stabbing incidents."

With respect to the Corrections Officer Defendants, Plaintiff alleged that, between August and November 2012, each Corrections Officer Defendant assaulted him on separate occasions. Plaintiff asserted that the Supervisory Defendants "encourage[d] this abusive behavior by allowing these guards to continue mistreating inmates."

After reviewing the complaint, the magistrate judge issued an order noting that the Federal Rules of Civil Procedure preclude a plaintiff from joining unrelated claims against multiple defendants. The magistrate judge therefore directed Plaintiff to advise the court which claims against which defendants he wished to pursue because Plaintiff had "failed to show a logical relationship between his separate allegations against" the defendants. In response, Plaintiff argued that his claims were related because they established an ongoing practice of abuse at the prison, which supported his overriding claim that his Eighth

3

Amendment rights were violated by the unconstitutional living conditions there. Alternatively, he indicated that he would like to pursue his claims against the Supervisory Defendants.

Based on Plaintiff's non-responsiveness to the prior order, the magistrate judge issued a Report and Recommendation ("R&R") recommending that Plaintiff's claims against the Corrections Officer Defendants be dismissed without prejudice. As to Plaintiff's claims against the Supervisory Defendants, the magistrate judge recommended that these claims be dismissed with prejudice pursuant to § 1915A(b)(1). As to the latter, the magistrate judge determined that Plaintiff failed to state a claim upon which relief could be granted because Plaintiff's conclusory statements were insufficient to indicate that the Supervisory Defendants' alleged actions or inactions could plausibly result in a violation of Plaintiff's constitutional rights. After *de novo* review of the record, and over Plaintiff's objections, the district court adopted the magistrate judge's R&R and dismissed Plaintiff's complaint.

## II. Discussion

Plaintiff argues on appeal that the district court erred in dismissing his claims against the Supervisory Defendants for failure to state a claim. He contends that his complaint adequately alleged that the Supervisory Defendants acted with deliberate indifference for his safety by: (1) failing to prevent his cellmate from

4

stabbing him; (2) fostering harsh and unsafe living conditions at the prison; (3) increasing the risk of violence among inmates by assigning two prisoners to cells designed for one inmate; and (4) encouraging corrections officers to abuse inmates. As to the Corrections Officer Defendants, whose claims were dismissed without prejudice, Plaintiff argues that the district court erred in ordering dismissal.

A.    The Supervisory Defendants

A civil complaint filed by a prisoner seeking redress from corrections officials is screened under § 1915A and will be dismissed if it fails to state a claim upon which relief may be granted.  28 U.S.C § 1915A(a), (b)(1).  We review *de novo* the district court's dismissal for failure to state a claim pursuant to § 1915A(b)(1), applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6).  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001).  Thus, we view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true.  *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056-57 (11th Cir. 2007).  The plaintiff's complaint must contain facts sufficient to support a plausible claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  *Pro se* pleadings are to be liberally construed and held to a less stringent

5

standard than pleadings drafted by attorneys. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

To state a cause of action under § 1983, a plaintiff must allege that a person acting under color of state law committed an act that deprived him of some right protected by the Constitution or laws of the United States. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). The Eighth Amendment prohibits deliberate indifference to an inmate's health or safety. *Hope v. Pelzer*, 536 U.S. 730, 737-38 (2002). A prison official acts with deliberate indifference when he consciously disregards an excessive risk to a prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994). Because proof of deliberate indifference requires proof that a prison official consciously refused to prevent the harm, a plaintiff can prevail only if he demonstrates that the prison official possessed both knowledge of the danger and the means to cure it. *LaMarca v. Turner*, 995 F.2d 1526, 1535-37 (11th Cir. 1993). A prison official's failure to prevent inmate-on-inmate violence may constitute deliberate indifference if the prison official knew there was a substantial risk of serious harm and then knowingly or recklessly disregarded that risk. *Hale*, 50 F.3d at 1582-83.

Section 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or *respondeat superior*. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Rather, to be held liable under § 1983, either a

6

supervisor must personally participate in the alleged constitutional violation or there must be a causal connection between his actions and the constitutional infirmity. *Id.* The causal connection may be established by showing that (1) the supervisor had notice of a history of widespread abuse, which he neglected to correct; (2) the supervisor implemented a custom or policy that resulted in deliberate indifference to constitutional rights; or (3) the facts support an "inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotations omitted).

Reviewing Plaintiff's complaint in light of these principles, we agree that his complaint did not allege facts sufficient to support a claim upon which relief could be granted with respect to Supervisory Defendants Owens, Toole, Paul, and Fowler. Plaintiff's complaint failed to allege facts that would plausibly establish a causal link between these Defendants' actions and the alleged constitutional deprivations. *See LaMarca*, 995 F.2d at 1538. Factually, Plaintiff's complaint did not allege that Defendants Owens, Toole, Paul, or Fowler personally participated in any of the enumerated "incidents" that resulted in physical harm to Plaintiff. His complaint did allege that Owens, Toole, Paul, and Fowler each used their supervisory positions to establish improper policies and customs that resulted in harsh living conditions for inmates, an increased risk of violence at the prison, and

a culture of encouraging corrections officers to perpetrate abuse on inmates. However, except for conclusory assertions, the complaint failed to allege any facts underpinning these allegations or otherwise supporting a plausible claim for relief. *See Ashcroft*, 556 U.S. at 678.  Thus, although a plaintiff may establish a causal connection by alleging that a supervisor's improper custom resulted in deliberate indifference, Plaintiff alleged no facts, only conclusory allegations, to show that Owens, Toole, Paul, and Fowler established such improper customs.  These conclusory allegations are insufficient to meet Plaintiff's burden of supporting his complaint with specific factual assertions.  *See Cottone*, 326 F.3d at 1360; *Oxford Asset Mgmt., Ltd.*, 297 F.3d at 1188.  Finally, because *respondeat superior* does not apply in § 1983 actions, Plaintiff did not state a claim simply by alleging that Defendants Owens, Toole, Paul, and Fowler had supervisory authority over their subordinates.  *Keating*, 598 F.3d at 762.  Accordingly, the district court did not err in dismissing Plaintiff's claims against Defendants Owens, Toole, Paul, and Fowler, and we affirm that part of the order.

As to Supervisory Defendant Bruton, Plaintiff alleged in his complaint that Bruton acted with deliberate indifference to his safety by failing to protect him from the violent cellmate who stabbed him.  By asserting that Bruton had sole authority to determine cell assignments and that he used this authority to personally ensure that all of Plaintiff's cellmates were gang members, Plaintiff

8

sufficiently alleged a causal connection for § 1983 purposes. *See Keating*, 598 F.3d at 762. Moreover, Plaintiff adequately alleged that Bruton knew of the danger and had the means to cure it. *See LaMarca*, 995 F.2d at 1535-36. Specifically, Plaintiff alleged that his cellmate was "known for stabbing incidents," and that Bruton knew or should have known of this fact. Accordingly, when viewed in the light most favorable to Plaintiff, he alleged that there was a substantial risk of serious harm to him from attack by this cellmate. *See Hale*, 50 F.3d at 1582-83. Moreover, by asserting that Bruton controlled cell assignment, Plaintiff sufficiently alleged that Bruton had the means of preventing the danger. Accordingly, the district court erred by dismissing Plaintiff's § 1983 deliberate indifference claim against Bruton, and we vacate and remand for further proceedings as to this claim.

B.    Corrections Officer Defendants

The district court dismissed Plaintiff's claims against the ten Corrections Officer Defendants because Rule 20(a) of the Federal Rules of Civil Procedure precludes a plaintiff from joining unrelated claims against various defendants unless the claims arose out of the same transaction. We review a district court's dismissal of a case for failure to comply with rules of the court, such as the Federal Rules of Civil Procedure, for abuse of discretion. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

Under Federal Rule of Civil Procedure 18(a), a plaintiff may generally bring as many claims as he has against a single party. Fed.R.Civ.P. 18(a). But a plaintiff may join multiple defendants in a single action only if the right to relief asserted against them arises "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a).

Here, the district court did not abuse its discretion when it dismissed Plaintiff's complaint for noncompliance with Federal Rule of Civil Procedure 20(a). Plaintiff's complaint alleged a variety of unrelated claims against different corrections officers, arising out of different events and occurring on different dates. For example, Plaintiff complained that Jenkins assaulted him on July 13, 2012; Tootle used her handcuffs to beat him on August 13, 2012; Bishop used excessive force on him on August 15, 2012; Dominguez locked him in the shower and then used pepper spray on his cell on August 17, 2012; Blakenly assaulted him with a pair of handcuffs on August 31, 2012; and, on November 6, 2012, Anderson attacked him without provocation while Moyett and Clemens failed to intervene on his behalf. Plaintiff has not refuted the district court's apt observation that these various claims are not sufficiently related under Rule 20 to permit their joinder in a single complaint. Accordingly, we affirm the district court's dismissal without prejudice of Plaintiff's claims against the ten Corrections Officer Defendants.

10

### III.  Conclusion

For the reasons stated above, we affirm the district court's dismissal of Plaintiff's claims against Defendants Owens, Toole, Paul, and Fowler, as well as his claims against the Corrections Officer Defendants, but we reverse the district court's dismissal of Plaintiff's § 1983 claim against Defendant Bruton and remand that claim for the case to proceed against Defendant Bruton.

**AFFIRMED in part, REVERSED in part, and REMANDED.**