[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11009
_____

D.C. No. 3:11-cv-00083-DHB-BKE

DONALD W. TOENNIGES,

Plaintiff-Appellant,

versus

WARDEN,
PATRICIA BROWN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 28, 2016)

Before ED CARNES, Chief Judge, ANDERSON, Circuit Judge, and
CHAPPELL,* District Judge.

_____

*Honorable Sheri Polster Chappell, United States District Judge for the Middle District of
Florida, sitting by designation

PER CURIAM:

This Court appointed counsel to represent plaintiff on appeal. We have carefully reviewed the briefs of the parties and relevant parts of the record,[1] and have had the benefit of vigorous oral argument. For the reasons discussed fully at oral argument and noted briefly below, we conclude that the judgment of the district court should be affirmed. However, because we hold that the district court should have afforded plaintiff a chance to amend his complaint with regard to several of the defendants, we remand with instructions to give him an opportunity to do so.

We turn first to plaintiff's § 1983 claim against Dr. Henderson and Dr. Ajibade, who provided medical care to plaintiff during his stay at the Johnson Prison Facility. Dr. Henderson provided care from November 2009 to February 2010; Dr. Ajibade provided care from February 2010 to August 2010. Plaintiff alleges against both deliberate indifference to his serious medical needs. With respect to plaintiff's neck and back, we conclude that his allegations are too conclusory to state a claim of deliberate indifference, much less to demonstrate a violation of clearly established constitutional rights.

---

[1] As urged by plaintiff, we have considered the plaintiff's "brief in support" of his complaint, and the attachments thereto — all filed simultaneously with plaintiff's complaint. We note also that defendants have also placed considerable reliance on both plaintiff's "brief in support" and the attachments thereto, thus waiving any objection to our consideration. Indeed, the attachments are probably more helpful to defendants than to plaintiff.

2

With respect to Dr. Henderson and plaintiff's right shoulder, plaintiff argues that Dr. Henderson failed to schedule surgery notwithstanding the recommendation of three orthopedists. Plaintiff's primary claim against Dr. Henderson is that he ordered physical therapy instead of surgery that he alleges was recommended by the third and most recent orthopedist, Dr. Martel. Dr. Martel's report, dated November 9, 2009, stated that plaintiff "most likely will need" surgery on the right shoulder. However, the next sentence of the report provided: "F/U p-n basis at this time. Continue Naproxen 325 . . . PT for ROM exercises (R) shoulder." Plaintiff argues that Dr. Martel intended the physical therapy to follow the surgery. We conclude that Dr. Henderson is entitled to qualified immunity. A reasonable doctor in Dr. Henderson's shoes could have read Dr. Martel's recommendation to mean that, although surgery would most likely be needed, at that time it was appropriate to continue the Naproxen 325, prescribe physical therapy, and see if surgery could be avoided.

Plaintiff has made similar allegations against Dr. Ajibade, who succeeded Dr. Henderson in caring for plaintiff's medical needs at Johnson. Like Dr. Henderson, Dr. Ajibade prescribed physical therapy rather than immediate surgery. Because Dr. Ajibade, like Dr. Henderson, could reasonably have read Dr. Martel's report as recommending physical therapy rather than immediate surgery, and

3

because plaintiff was refusing to take the physical therapy, we conclude that Dr. Ajibade is also entitled to qualified immunity.

We turn now to plaintiff's deliberate indifference claims against Dr. Ayers and Nurse Practitioner Brown. They provided medical care for plaintiff at Calhoun Prison from July 2008 to October 2009. The district court dismissed as improperly joined plaintiff's claims against Dr. Ayers and Nurse Practitioner Brown, and it did not abuse its discretion in doing so. Plaintiff's claims against Dr. Ayers and Nurse Practitioner Brown go toward their decision to order an additional consultation, the one with Dr. Martel, rather than ordering an immediate surgery. Plaintiff's claims against Dr. Henderson and Dr. Ajibade go toward their decision to rely on Dr. Martel's report and order physical therapy instead of surgery. The district court did not abuse its discretion in finding that the claims against Dr. Ayers and Nurse Practitioner Brown did not "arise out of the same transaction, occurrence, or series of transactions or occurrences," Fed.R.Civ.P. 20(a), as the claims against Dr. Henderson and Dr. Ajibade. Moreover, even aside from the joinder issue, we would not have concluded in any event that Dr. Ayers' and Nurse Practitioner Brown's ordering a third consultation – rather than immediate surgery –

4

constituted a violation of a clearly established constitutional right under the circumstances here[2]

Finally, we turn to plaintiff's claim of denial of visitation rights against Warden Morales and Deputy Warden Jones.  For several reasons, we conclude that Morales and Jones are entitled to qualified immunity.  Plaintiff's allegations are conclusory with respect to any direct involvement by these defendants.  And there are no factual allegations on which to base supervisory liability.  Moreover, there are insufficient non-conclusory allegations of fact to support a finding that the mere lack of response on the part of these defendants to plaintiff's particular complaints about visitation rights would put a reasonable official in the shoes of these defendants on notice that they were violating plaintiff's clearly established constitutional rights.  Plaintiff's particular complaints fall far short of any binding case law cited by plaintiff, and we cannot conclude that there is anything close to

---

[2] Plaintiff also alleges deliberate indifference as to all four medical defendants because they declined to order an MRI on plaintiff's left shoulder.  We conclude that plaintiff's claim with respect to his left shoulder is wholly without merit.  His allegations with respect to the left shoulder are conclusory.  Even more significant, his claim is based on the following isolated note in Dr. Baggett's report:  "(L shoulder MRI)."  In other words, Dr. Baggett's report includes only this ambiguous parenthetical notation about the left shoulder in a report focused entirely on the right shoulder.  A reasonable doctor in the shoes of these medical defendants could reasonably construe Dr. Baggett's report as not making a recommendation that an MRI was absolutely necessary on the left shoulder, but rather as responding to plaintiff's complaints about that shoulder, such that the x-ray of the left shoulder, which was ordered, would be appropriate.  We note that, although plaintiff asserts that the x-ray showed problems, his allegations in this regard are wholly conclusory.

5

obvious clarity that the actions of these defendants violated plaintiff's

constitutional rights.[3]

However, with respect to the deliberate indifference claims against Dr.

Henderson and Dr. Ajibade, and with respect to the visitation claims against

Warden Morales and Deputy Warden Jones, we conclude that in light of our policy

of construing pro se complaints liberally, see Powell v. Lennon, 914 F.2d 1459,

1463 (11th Cir. 1990), and our policy of "liberally permitting amendments to

facilitate determination of claims on the merits," Shipner v. E. Air Lines, Inc., 868

F.2d 401, 407 (11th Cir. 1989), the district court should afford plaintiff an

opportunity to amend his complaint in an effort to allege non-conclusory facts

which might constitute deliberate indifference with respect to the two medical

defendants,[4] and which might constitute an arbitrary restriction by Morales and

Jones of plaintiff's visitation rights in violation of the First and Eighth

Amendments.  With respect to these claims, we cannot conclude that this record

clearly demonstrates that plaintiff cannot plausibly plead facts which would

---

[3] Plaintiff's primary claim is that Morales and Jones violated the prison's standard operating procedure with respect to visitation rights.  However, a mere violation of a state rule or law does not constitute a constitutional violation.

[4] This right to amend applies to plaintiff's deliberate indifference claim with respect to his right shoulder on which the briefs primarily focused, but also even to plaintiff's claims with respect to his left shoulder and neck and back.  We cannot absolutely preclude the possibility that there may be non-conclusory facts which plaintiff's pro se status in the district court led him to omit, but which can be pled consistent with Fed.R.Civ.P. 11.

constitute such violations.  On the other hand, we do conclude that any such re-pleading with respect to Dr. Ayers and Nurse Practitioner Brown would be futile. We so hold because we cannot conclude that the district court abused its discretion in severing Dr. Ayers and Nurse Practitioner Brown and then concluding that they should be dismissed for improper venue.  We cannot perceive how plaintiff could plead around these deficiencies.[5]

Accordingly,[6] the judgment of the district court is affirmed with respect to Dr. Ayers and Nurse Practitioner Brown.  With respect to Dr. Henderson, Dr. Ajibade, Warden Morales and Deputy Warden Jones, the judgment of the district court is affirmed, but the case is remanded to the district court with instructions to permit plaintiff an opportunity to amend.

AFFIRMED and REMANDED with INSTRUCTIONS.

---

[5] In light of our rulings with regard to Dr. Ayers and Nurse Practitioner Brown, we need not address the argument that plaintiff's claims against them are barred by the statute of limitations.

[6] Any other arguments by plaintiff on appeal are either moot in light of our rulings or without merit and warrant no further discussion.