[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11518
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00264-KOB-SGC


JOE NATHAN GILES,

Plaintiff-Appellant,

versus

CRIME STOPPERS OF BIRMINGHAM ALA.,
JEFFERSON COUNTY OWNER OF CRIME STOPPER CARE OF COMPANY
UNION,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 27, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Joe Nathan Giles, an Alabama prisoner proceeding *pro se*, appeals the *sua sponte* dismissal of his 42 U.S.C. § 1983 action, against Crime Stopper of Birmingham Alabama/Jefferson County and Company Union/Crime Stopper of Birmingham, Alabama/Jefferson County ("Crime Stoppers").  On appeal, Giles argues that the district court erred in dismissing Giles's § 1983 complaint for failing to identify a state actor in his complaint.

We review *de novo* the district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1).  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001).  The allegations in the complaint must be taken as true for purposes of the motion to dismiss, and in the case of a *pro se* action, we construe the complaint more liberally than we would formal pleadings drafted by lawyers.  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

Only in rare circumstances can a private party be viewed as a state actor for purposes of § 1983.  *Rayburn v.* Houge, 241 F.3d 1341, 1347 (11th Cir. 2001). "To hold that private parties . . . are state actors, [we] must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the

2

exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise." *Id*.

The district court did not err in dismissing Giles's complaint for failure to state a claim for which relief can be granted. Crime Stoppers is not a state actor and Giles has not argued any facts that would support a finding that it fell under one of the three circumstances that would, for § 1983, allow it to be viewed as such. Therefore, Crime Stopper is not a proper defendant for a § 1983 claim.

**AFFIRMED.**

3