[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11446

Non-Argument Calendar

_____

RUFUS HAMILTON,

Plaintiff-Appellant,

*versus*

FULTON COUNTY SCHOOLS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-01437-LMM

_____

Before JORDAN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Rufus Hamilton, proceeding *pro se*, appeals the district court's dismissal of his amended complaint against his former employer, the Fulton County Schools ("FCS"). Hamilton purported to assert claims against FCS for unlawful discrimination based on his race and age, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2 ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a) ("ADEA"). No reversible error has been shown; we affirm.

## I.

Hamilton filed *pro se* this civil action in April 2021. Hamilton filed his initial complaint against FCS using the district court's "*Pro Se* Employment Discrimination Complaint Form." On the complaint form, Hamilton checked boxes indicating (1) that he was bringing claims for violations of Title VII and the ADEA; (2) the alleged discrimination took place on 16 December 2020; and (3) that his lawsuit involved a failure-to-promote and the termination of his employment. Hamilton checked a box indicating that he believed he was discriminated against because of his race and identified himself as being black. Hamilton left un-checked the box indicating that he believed he was discriminated against based on his age. Nor did Hamilton provide his date of birth or his age on the date of the complained-of conduct in December 2020.

In the section of the form directing plaintiffs to describe the essential facts of their case, Hamilton alleged that he was fired "for taking home pallets" even though his director purportedly gave him permission to do so. Hamilton alleged further that "everybody was taking trees home as firewood and they still have a job." Hamilton did not identify the race or age of the employees who purportedly took home firewood. Hamilton attached to his complaint a notice of right-to-sue letter received from the EEOC: a letter that referenced only a charge of discrimination alleging violations of Title VII.

FCS moved to dismiss Hamilton's complaint for failure to exhaust administrative remedies and for failure to state a claim.

On 13 May 2021, Hamilton filed *pro se* a one-page document titled "Amend Complaint." Hamilton sought to add a claim for wrongful termination. Hamilton also alleged that he applied for a position but that "they" hired "their friend" instead. Hamilton alleged that -- although he was not selected for the position -- he was expected to do the work that the newly-hired person did not want to do.

On the same day, Hamilton also filed *pro se* a one-page document titled "Motion to Not Dismiss." In that document, Hamilton said again that he was terminated unlawfully for taking pallets even though he had permission to do so and stopped when he was asked. Hamilton also said again that "they wanted [him] to do the work the new guy didn't want to do." Hamilton attached a photograph of wood pallets and several letters from FCS's Supervisor of

Maintenance discussing Hamilton's job-performance issues during October and November 2020.

FCS again moved to dismiss Hamilton's amended complaint for failure to exhaust administrative remedies and for failure to state a claim.

On 4 June 2021, Hamilton filed *pro se* a one-page document titled "Add to file." Hamilton said that FCS "clearly falls under Title VII." About his failure-to-promote claim, Hamilton alleged that he applied for a position but that Dennis Downs gave the position to "his friend" instead. Because the newly-hired person did not want to do the job, Hamilton said he was pressured "to do his job with the same pay." Hamilton alleges that "[t]hey came up with this taking from the trash pallet when <u>everybody</u> else taking property home as firewood. Trees!!" (emphasis in original). Hamilton then attached two photographs showing piles of cut wood.

A magistrate judge issued a non-final report and recommendation ("R&R"). Construing all of Hamilton's *pro se* filings together as a single complaint, the magistrate judge determined that Hamilton had failed to allege facts sufficient to state a plausible claim for relief. The magistrate judge also determined that -- because Hamilton had not provided a copy of his EEOC charge -- Hamilton had failed to demonstrate that he had exhausted properly his administrative remedies. Given Hamilton's *pro se* status, the magistrate judge recommended that Hamilton be given an opportunity to amend his complaint to correct the identified deficiencies.

Hamilton filed no objections to the R&R.  The district court adopted the R&R and granted Hamilton leave to file one more amended complaint.

On 14 September 2021, Hamilton filed an amended complaint consisting of one page of narrative text.  Hamilton asserted that he applied for a "lead position" he says he was well-qualified for, but that he was passed over in favor of a friend of his immediate supervisor, Dennis Downs.  Because the new hire purportedly did not want to complete some of his assigned duties, Hamilton was expected -- but refused -- to perform those tasks without an accompanying pay raise.

Hamilton also alleged that he was fired for theft after he removed pallets from outside the trash can, even though his director had given him permission to do so.  Hamilton said he believed taking the pallets would not cause "a problem because several maintenance workers were taking cut trees home for firewood."  Hamilton said he knows the reason he was terminated was not because of the pallets but, instead, because he complained about not getting the promotion.  Hamilton also said, "I did not include race in this letter because then [I] would be labeled as a racist."  Never did Hamilton mention his race or age, nor the race or age of any of his co-workers or supervisors.  Nor did Hamilton attach a copy of his EEOC charge to his amended complaint.

FCS again moved to dismiss Hamilton's amended complaint.

A magistrate judge issued a final R&R recommending that the district court grant FCS's motion and dismiss Hamilton's amended complaint. The magistrate judge determined that -- despite the district court's detailed instructions -- Hamilton's amended complaint still failed to allege factual content sufficient to state a plausible claim for unlawful discrimination. In the alternative, the magistrate judge determined that Hamilton's claims were subject to dismissal because Hamilton had failed to demonstrate that he had exhausted properly his administrative remedies.

Hamilton objected to the R&R.[1] The district court overruled Hamilton's objections, adopted the R&R, and dismissed the case.

**II.**

We review *de novo* a district court's dismissal for failure to state a claim, accepting all properly alleged facts as true and construing them in the light most favorable to the plaintiff. *See Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

---

[1] In his objections, Hamilton alleged -- for the first time -- that he was treated differently from a white employee whom Hamilton said is still employed after taking home cut-up trees to use as firewood. In reviewing the R&R, the district court declined to consider this new factual allegation, noting that Hamilton omitted this fact from his amended complaint and from his response to FSC's motion to dismiss. On appeal, Hamilton raises no challenge to the district court's refusal to consider facts raised for the first time in his objections to the R&R.

22-11446                Opinion of the Court                7

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). To state a plausible claim for relief, a plaintiff must go beyond pleading merely the "sheer possibility" of unlawful activity by a defendant and must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (quotations and alteration omitted).

A complaint filed by a *pro se* litigant is construed more liberally than a formal pleading drafted by a lawyer. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Despite this leniency toward *pro se* litigants, courts may not step into the role of *de facto* counsel or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Title VII makes it unlawful for an employer to discharge or otherwise discriminate against any person "with respect to his

compensation, terms, conditions, or privileges of employment" because of the person's race. *See* 42 U.S.C. § 2000e-2(a)(1). The ADEA, meanwhile, prohibits employers from discriminating against an employee who is at least 40 years old because of the employee's age. *See* 29 U.S.C. §§ 623(a)(1), 631(a).

The district court committed no error in dismissing Hamilton's complaint for failure to state a claim. The district court applied properly the federal pleading standards set forth in Fed. R. Civ. P. 8, and in *Iqbal* and *Twombly*.

Accepting the allegations in Hamilton's amended complaint as true and liberally construing them in Hamilton's favor, Hamilton failed to allege facts demonstrating plausibly that he was discriminated against unlawfully in violation of Title VII or the ADEA.

About his ADEA claims, Hamilton alleged no facts from which we can infer reasonably that he was discriminated against unlawfully based on his age. Nowhere in Hamilton's amended complaint did Hamilton allege that he was at least 40 years' old at the time of the complained-of employment acts. Hamilton has thus failed to allege facts showing that he belonged to the class of persons protected by the ADEA. *See* 29 U.S.C. § 631(a). Nor has Hamilton alleged the ages of the pertinent decisionmakers, his co-workers, or the person hired for the "lead position." On this record, the district court dismissed properly Hamilton's claims under the ADEA for failure to state a claim.

We next address Hamilton's claims for race discrimination under Title VII. About his failure-to-promote claim, Hamilton

alleged only that he applied for a position for which he was qualified and that the position was given to a "friend" of his direct supervisor. Never has Hamilton identified the race or qualifications of the person who was hired for the position or identified the race of the person who made the hiring decision. In other words, Hamilton alleged no specific facts from which we can infer reasonably that the hiring decision was motivated by unlawful race discrimination. That the hiring decision might have been made based on personal friendships does not support -- and seems to cut against -- a plausible inference that the decision was driven by a racially discriminatory animus.

About the termination of his employment, Hamilton said he was fired for taking home pallets even though he was given permission to do so. According to Hamilton, the real reason he was fired was because he complained about not getting the promotion. Hamilton alleged no facts about the race of the decisionmaker or about the race, work history, or disciplinary record of those co-workers he said were undisciplined after taking home firewood. Nor has Hamilton alleged specific facts about his promotion-related complaints, including the identity of the person(s) to whom he complained or whether he indicated in his complaints that he believed the hiring decision was motivated unlawfully by race.

Without additional factual enhancement, Hamilton's implied assertions that FCS's decision to terminate his employment was motivated by unlawful race discrimination or was made in retaliation for Hamilton's promotion-related complaints are too

speculative to state a plausible claim against FCS for violation of Title VII.  *See Iqbal*, 129 S. Ct. at 1949.

On these pleadings and for these reasons, we affirm the district court's dismissal of Hamilton's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).[2]

AFFIRMED.

---

[2] Because we conclude that the district court dismissed properly Hamilton's amended complaint for failure to state a claim, we need not address the district court's alternative ruling that Hamilton's amended complaint was subject to dismissal for failure to exhaust administrative remedies.